[In Bank.— October 10, 1883.]

THE PEOPLE, RESPONDENT, v. JAMES YOUNG,
APPELLANT.

CRIMINAL LAW — COMMITMENT — INFORMATION. — Before the information charg-
ing defendant with murder was filed, an examination had been had and a com-
mitment made by a magistrate, the order of commitment, proper in form, being
indorsed on the complaint. *Held*, sufficient.

ID. — SELF-DEFENSE — JUSTIFICATION — EVIDENCE. — The killing of the deceased
by the defendant having been admitted, whether or not the act was done in self-
defense, or under circumstances of justification, was for the jury to determine.

APPEAL from a judgment of the Superior Court of Yolo
County, from an order denying a motion to set aside the infor-
mation, an order refusing a withdrawal of pleas, an order deny-
ing a motion in arrest of judgment, and an order refusing a new
trial.

The facts appear in the opinion of the court.

*C. P. Sprague*, and *F. S. Sprague*, for Appellant.

*Attorney-General Marshall*, and *District-Attorney Craig*, for
Respondent.

MYRICK, J.—1. The district attorney filed an information
accusing the defendant of the crime of murder. When the
defendant was arraigned, and before pleading, he moved that the
information be set aside, on the ground that he had not been
committed as provided in section 872, Penal Code, previous to
the filing of the information. The motion was based on the
following facts:—

A complaint was laid before a justice of peace, December 25,
1882, accusing the defendant of the commission of the crime; an
examination was had before the justice on the 5th of January,
1883, and upon such examination being had the justice made an
indorsement upon the complaint, stating that it appeared to him
that the offense had been committed, and that there was sufficient
cause to believe the defendant Young guilty thereof, and order-
ing that he be held to answer the same, and that he be committed
to the sheriff of the county; which indorsement was signed by
the justice. This complaint, with the indorsements thereon,
was filed in the Superior Court January 8th; the information

was thereafter, on the same day, filed. At the examination before the justice, the official short-hand reporter took down the evidence in short-hand, and subsequently wrote it out in long-hand, and the depositions so taken and written out were indorsed, certified, and filed in the Superior Court January 12th, four days after the filing of the information. The motion to set aside was made January 15th, and was denied by the court.

We see no departure from any form or mode prescribed by the Penal Code in respect to the proceedings narrated above, which prejudiced the defendant, or tended to his prejudice, in respect to a substantial right. (§ 1404, Penal Code.) Before the information was filed, an examination had been had and commitment made by a magistrate (§ 8, art. i., Const.), the order of commitment, proper in form, being indorsed on the complaint. This was sufficient. (*People* v. *Smith,* 59 Cal. 365.)

2. The killing of the deceased by the defendant being admitted, whether or not the act was done in self-defense, or under circumstances of justification, was for the jury to determine. We see no error in the record.

Judgment and order affirmed.

McKINSTRY, J., THORNTON, J., ROSS, J., SHARPSTEIN, J., and McKEE, J., concurred.