[No. 20324. , In Bank. — November 30, 1887.]

## THE PEOPLE, Respondent, *v.* JOHN S. BITAN-COURT, Appellant.

CRIMINAL LAW — BILL OF EXCEPTIONS — APPLICATION TO SUPREME COURT TO PROVE EXCEPTIONS. — Where a bill of exceptions in a criminal prosecution has been settled by the trial judge, a subsequent application to the supreme court, under section 1174 of the Penal Code, for leave to prove the facts in support of the bill, should set forth distinctly wherein the bill as settled is incorrect, and specify the facts which it is desired to prove, as well as their materiality.

ID. — BURGLARY — DESCRIPTION OF BUILDING — OWNERSHIP — IMMATERIAL VARIANCE. — In a prosecution for burglary, the information charged that the defendant burglariously entered the building of "one C. E. Benedict, situated on Nineteenth Avenue, between K and L streets, south of Golden Gate Park, in the city and county of San Francisco." The evidence showed that one J. S. Benedict was interested in the building with C. E. Benedict. It did not appear that there was any other building in the locality which corresponded with the description in the information. *Held*, that the variance was immaterial.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of burglary in the second degree. The further facts are stated in the opinion of the court.

*George H. Perry*, for Appellant.

*Attorney-General Johnson*, for Respondent.

The COURT. — In this case there is a preliminary matter as to the bill of exceptions, concerning which the facts are as follows: —

The proposed bill was presented to the judge of the court below on June 6, 1887. On June 7th the appellant's counsel filed a verified petition, stating the presentation of the proposed bill, and that the judge "refuses to allow certain exceptions of said defendant,"

and praying for leave to make proof of said exceptions. Upon this petition an order was made on the same day referring the bill to the Hon. William T. Wallace for settlement.

On June 15th the appellant's counsel filed another verified petition in the appellate court, stating that when he appeared before Judge Wallace on June 14th, in persuance of notice, "it was then and there discovered" that the bill of exceptions had been settled by the judge before whom the case was tried on June 13th, and forwarded by him to the appellate court; and that "said bill of exceptions, as settled, does not conform to the truth," and praying for an order directing Judge Wallace to proceed with the settlement of a bill in conformity with the facts.

Upon this second petition the judge of the court below filed an affidavit, stating in substance that he never had refused to allow any exceptions, but had taken the whole matter under advisement; and that the bill had been settled by him on June 6th, " before the issuance of the order herein by the supreme court." The statement that the judge never refused to allow any exception is corroborated by the affidavits of the district attorney and the shorthand reporter.

On June 28th the appellate court rendered a decision that the order of June 7th be set aside for insufficiency of the petition, and because no notice of the application had been given to the judge or the district attorney, and that the petition of June 15th was insufficient, and that it be denied without prejudice. (*People* v. *Bitancourt,* 73 Cal. 1.)

On June 20th the appellant's counsel, pursuant to notice, made a motion "for an order to have the bill of exceptions in the above-entitled action settled according to the facts." And this motion was submitted.

It is settled that if the judge before whom a case was tried refuses to settle any bill of exception,—that is to

say, if he refuses to take any action in the matter,—and the refusal is without cause, he may be compelled to take action by a writ of *mandamus* (*People* v. *Lee*, 14 Cal. 510; *People* v. *Keyser*, 53 Cal. 184; *Lin Tai* v. *Hewell*, 56 Cal. 117; *People* v. *Crane*, 60 Cal. 279); although the writ will not issue to compel the settlement in any particular way. (*People* v. *Judge of Tenth District Court*, 9 Cal. 20.) If the refusal is not to take any action whatever, but merely to settle the bill in accordance with the facts, application may be made to the appellate court for redress. The provision is, that "if the judge in any case refuses to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same; the application may be made in the mode and manner, and under such regulations, as that court may prescribe." (Pen. Code, sec. 1174.)

Where, however, as in the present case, the bill has been settled by the judge, the application to this court for leave to prove the facts in support of the bill of exceptions should set forth distinctly wherein the bill as settled is incorrect, and specify the facts which it is desired to prove, as well as their materiality.

It may well be that the facts which the applicant desires to substantiate, and the exceptions founded thereon, are of no importance to an adjudication of the cause.

The remedy provided by section 1174 of the Penal Code should be resorted to only in aid of justice and upon such affirmative showing as proves the judge of the court below derelict in some particular whereby the rights of the applicant are jeopardized.

The application is defective in all the particulars indicated, and must be denied.

Upon the merits, the question is, whether there was a variance between the information and the proof. The information charged that.the defendant burglariously entered the building " of one C. E. Benedict, situated on

Nineteenth Avenue, between K and L streets, south of Golden Gate Park, in the city and county of San Francisco." The proof was, that one J. S. Benedict was interested in the building with C. E. Benedict. It is argued that the ownership of J. S. Benedict was matter of essential description. It does not appear that there was any other building in the locality which would correspond to the description in the information; and we think the variance was immaterial. (Pen. Code, sec. 956; *People* v. *Edwards,* 59 Cal. 359.)

The motion for an order of reference is denied, and the judgment and order appealed from are affirmed.