[No. 20592.  Department One.— November 18, 1889.]

THE PEOPLE, RESPONDENT, *v.* GEORGE ROGERS, APPELLANT.

CRIMINAL LAW — BURGLARY — INFORMATION. — An information for a burglary which charges the offense in the language of the statute is sufficient, and the omission of the word "feloniously" is not ground of demurrer.

ID. — SUFFICIENCY OF ALLEGATIONS — PARTNERSHIP — OWNERSHIP. — In an information for burglariously entering into a store occupied by Jones and Harding with intent to commit larceny, it is not necessary to allege that Jones and Harding were partners, or that they were the owners of the building or of its contents.

INSTRUCTIONS — AUTHENTICATION — REVIEW ON APPEAL. — Instructions printed in the transcript, which are not authenticated by the judge or made part of the record by a bill of exceptions, cannot be considered on appeal.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*W. J. Herrin,* for Appellant.

*Attorney-General Johnson,* and *Lewis Freer,* for Respondent.

FOX, J. —Information and conviction of burglary. The appeal is from the judgment, and comes up on the judgment roll.

The first point made by appellant is, that the information failed to state facts constituting a public offense, and that the demurrer thereto should therefore have been sustained. The alleged defect consists in the omission of the word "feloniously." The information charges the offense in the language of the statute, and is sufficient. (*People* v. *Lewis,* 61 Cal. 366.)

The charge is, that defendant burglariously entered the store occupied by Jones and Harding, with intent to commit larceny, etc. A point is made that it is not

alleged that Jones and Harding were partners, or that they were the owners of the building or its contents. Under the code definition of burglary, it was not neces-sary to allege the partnership, and the ownership of the building and its contents was sufficiently designated. (*People* v. *Henry,* 77 Cal. 445.)

It is claimed that the court erred in refusing to give certain instructions asked by defendant, which are set out in the transcript, numbered respectively 2, 3, and 5. The transcript does not show whether these instructions were given or refused. They are in no manner authen-ticated by the judge. There is no bill of exceptions in or by which to make them a part of the record. They are therefore not a part of the judgment roll (*People* v. *January,* 77 Cal. 179), and cannot be considered by this court.

These are the only points made.

Judgment affirmed.

PATERSON, J., and WORKS, J., concurred.