[Crim. No. 225.   Department One.—February 3, 1897.]

THE PEOPLE, RESPONDENT, *v.* WILLIAM WHITE
APPELLANT.

CRIMINAL LAW—BURGLARY—OWNERSHIP OF HOUSE—VARIANCE.—Where an indictment charged a burglarious entry of a house belonging to John Doe, whose real name is unknown, etc., and the proof showed that the house belonged to a woman, there is no material variance between the indictment and the proof as to the ownership of the house.

ID.—REASONABLE DOUBT—INSTRUCTION.—Where no instruction on the subject of reasonable doubt is refused, and instruction given to the effect that it "means precisely what the words import—a fair doubt growing out of the evidence, or want of evidence, in the case, based upon reason and common sense," and that "it is such a doubt as may leave the minds of the jury, after they have considered all the evidence in the case, in that state that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge," though perhaps not so full and clear as the oft-approved definition of Chief Justice Shaw, is nevertheless free from error.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   EDWARD A. BELCHER, Judge.

In its instruction to the jury the court charged, in defining a reasonable doubt, that: "The reasonable doubt that I have mentioned means precisely what the words import—a fair doubt growing out of the evidence, or want of evidence, in the case, based upon reason and common sense.   It is such a doubt as may leave the minds of the jury, after they have considered all the evidence of the case, in that state that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge."   The further facts are stated in the opinion of the court.

*William Hoff Cook*, for Appellant.

The variance between the allegation as to the ownership of the building and the proof was fatal. (See *People* v. *Wheatley*, 88 Cal. 114.)   It was error for the court to deny the request of the defendant for the jury to view the premises. (*People* v. *Hawley*, 111 Cal. 78.) The court failed to give a proper or sufficient instruc-

tion as to attempt to commit burglary. (See *People* v. *Hope*, 62 Cal. 297; *People* v. *Brown*, 105 Cal. 66.) The court erred in its instruction as to reasonable doubt. (*People* v. *Webster*, 111 Cal. 385; *People* v. *Paulsell*, 115 Cal. 6.)

*Attorney General W. F. Fitzgerald*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

The alleged variance between the information and, proof as to the ownership of the building was immaterial. (*People* v. *Edwards*, 59 Cal. 362; *People* v. *McGilver*, 67 Cal. 55; *People* v. *Bitancourt*, 74 Cal. 188; *People* v. *Henry*, 77 Cal. 445; *People* v. *Arras*, 89 Cal. 223; *People* v. *Handley*, 100 Cal. 372.) It was within the discretion of the court to allow or refuse to allow the jury to view the premises. (*People* v. *Bonney*, 19 Cal. 426; *People* v. *Bush* 71 Cal. 602; *People* v. *Hawley*, 111 Cal. 78.) The instruction of the court on the subject of an attempt to commit burglary was succinct, but ample. If the defendant wished a fuller instruction he should have asked for it, and, not having done so, the court did not err in not giving it. (*People* v. *Northey*, 77 Cal. 632; *People* v. *Flynn*, 73 Cal. 511; *People* v. *Marks*, 72 Cal. 47; *People* v. *Olsen*, 80 Cal. 122; *People* v. *Dollor*, 89 Cal. 513; *People* v. *Angeles*, 61 Cal. 189.) The instruction as to reasonable doubt was not erroneous. (*People* v. *Shaughnessy*, 110 Cal. 604; *People* v. *Finley*, 38 Mich. 483.)

BEATTY, C. J.—The defendant was convicted of an attempt to commit burglary in the first degree, and appeals from the judgment and from an order denying his motion for a new trial.

His first point is that there was a variance between the proof and the indictment.

1. The indictment charged a burglarious entry of a house situate at No. 45 South Park, San Francisco, belonging to John Doe, whose real name is unknown, etc. The evidence showed—or was sufficient at least to sustain a verdict—that defendant attempted in the night-

time to enter burglariously a vacant dwelling at No. 45 South Park, but that the house was the property of Letitia Bagnall, a woman, and the precise point is that while the indictment charges that the house belonged to some unknown man (John Doe being the name of a man), the proof shows that it belonged to a woman. The mere statement of this point is, we think, a sufficient answer to it.

2. The court denied the request of the defendant to send the jury to view the premises. Whether a view of the premises is proper in any case is a matter resting in the sound discretion of the trial judge, and we do not find in this case the slightest ground for holding that there was any abuse of discretion.

3. It is objected that the court failed to give a sufficient instruction as to attempt to commit burglary. The court instructed the jury generally that a person who attempts to commit a crime, but is prevented or interrupted, or otherwise fails to accomplish it, may be punished for the attempt, and that they might convict the defendant of an attempt to commit burglary if they were satisfied beyond a reasonable doubt that he made such attempt. If the defendant thought that these instructions were not full enough he should have requested one more specific.

4. The court, in defining a reasonable doubt, gave the same instruction commented on in *People* v. *Paulsell,* 115 Cal. 6, and on the authority of that case it is contended that this judgment must be reversed. But the judgment in *People* v. *Paulsell, supra,* was not reversed on account of the instruction that was given, but because an instruction often approved by this court was refused. In this case no instruction on the subject of reasonable doubt was refused; and the one given, though perhaps not so full and clear as the oft-approved definition of Chief Justice Shaw, is nevertheless free from error, as was held in *People* v. *Shaughnessy,* 110 Cal. 604.

We find no error in the record, and the judgment and order appealed from are affirmed.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.