[Crim. No. 1122. Department One.—May 24, 1904.]

THE PEOPLE, Appellant, v. ROY PRICE, Respondent.

CRIMINAL LAW—BURGLARY—PLEADING—DESCRIPTION OF PROPERTY—IMMATERIAL VARIANCE BETWEEN COMPLAINT AND INFORMATION.— A variance between the complaint and information for burglary in the description of the property entered by the defendant is immaterial, where each describes the property by designation of the same number and street in the same city, though the information further describes it as being at the corner of two streets, and as being the "house, room, store, dwelling, and apartment of Charles Chalup," so situated and designated by number and street.

ID.—PRESUMPTION OF IDENTITY.—Identity of the house will be presumed from identity of number, name of street, and city.

ID.—AVERMENT OF OWNERSHIP.—An averment of ownership is not necessary, either in the complaint or in the information, where the building in which the burglary was committed is otherwise so described that the defendant cannot be misled as to the property referred to. The name of the owner is immaterial, except where necessary to identify the property.

ID.—INDORSEMENT OF COMMITMENT ON COMPLAINT.—It was proper to indorse the commitment on the original complaint, treating it as a deposition for that purpose, within the meaning of section 872 of the Penal Code.

APPEAL from an order of the Superior Court of Fresno County setting aside an information. George E. Church, Judge.

The facts are stated in the opinion.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and George W. Jones, District Attorney, for Appellant.

Snow & Freeman, for Respondent.

GRAY, C.—The defendant is charged with burglary. The plaintiff appeals from an order granting defendant's motion to set aside the information made on the ground that the defendant had not been legally committed by a magistrate.

Respondent's contention is, that the complaint filed in the police court upon which the warrant for defendant's arrest was issued, and which was also treated as a deposition, and the commitment indorsed thereon, failed to charge a crime in that it did not contain any allegation of ownership of the property alleged to have been entered. It is further contended that there is a fatal variance between the complaint or commitment and the information subsequently filed by the district attorney.

The complaint describes the property entered as "That certain building situate at No. 1247 Fresno Street, in said city of Fresno." The information describes the same property as "That certain house, room, store, dwelling, and apartment of Charles Chalup, situated at the corner of Fresno and C streets, and designated by the number 1247 Fresno Street, in the city of Fresno." It is clear that the same house is referred to in both these instruments. And that the information charges the burglary of the same building referred to in the original complaint. Identity of the house will be presumed from identity of number, name of street, and city, just as identity of the person will be presumed from identity of name.

Nor is it necessary to allege the ownership of the building in the complaint, or even in an information, where the building is otherwise so described that the defendant cannot be misled as to the property referred to. (*People* v. *Rogers,* 81 Cal. 209; *People* v. *Main,* 114 Cal. 632; *People* v. *White,* 116 Cal. 19.)

Streets are named and buildings thereon are numbered for the purpose of identifying the houses in a city, and it is hard to conceive of a more certain or accurate method to accomplish that end.

Section 956 of the Penal Code provides: "When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material." This is a rule of criminal pleading, and applies to burglary as well as to larceny and other cases. Under it the name of the owner of the property entered is immaterial, except where necessary to identify the property. (*People* v. *Prather,* 120 Cal. 660.)

Suppose we admit, as is contended, that a person could not be convicted of burglary as to his own house not occupied by another; it does not follow from this that the defendant must be informed in the complaint or information that the house in question is not his or that it belongs to another. If the house is described by street and number, he can find out, if he does not already know, whether it is his or not, and can suffer no prejudice by the absence of an allegation as to ownership. (Pen. Code, sec. 960.)

Many cases from other jurisdictions are cited by respondent which are in harmony with the action of the court below. But the case must be governed by our own statutes as construed by this court.

It was perfectly proper to indorse the commitment on the original complaint, treating it as a deposition for that purpose within the meaning of section 872 of the Penal Code. (*People* v. *Smith,* 59 Cal. 365; *People* v. *Young,* 64 Cal. 212.)

We have discussed the case from the standpoint of the briefs filed by the parties to the appeal. We do not wish to be understood, however, as intimating that any insufficiency in the complaint before the magistrate would warrant a court in dismissing the information. It is not necessary to decide any such question here, because it is not presented in the briefs, and the case is already disposed of on other grounds.

We advise that the order be reversed.

Cooper, C., and Smith, C., concurred.

CXLIII. Cal.—23

For the reasons given in the foregoing opinion the order appealed from is reversed.

Van Dyke, J., Shaw, J., Angellotti, J.