[Crim. No. 205.  Second Appellate District.—September 25, 1911.]

## THE PEOPLE, Respondent, v. PASQUAL MENDOZA, Appellant.

CRIMINAL LAW—BURGLARY—SUFFICIENCY OF INFORMATION—ENTERING TOOL-HOUSE OF CITY — LOCATION—IDENTIFICATION—AVERMENT OF OWNERSHIP SURPLUSAGE.—An information charging defendant with the crime of burglary by entering a tool-house of the city of .Los Angeles, "situated at Lemoyne street and Marcom avenue, in said city," sufficiently describes the building feloniously entered. The alleged ownership of the building was immaterial, except as affording means of identification, which was sufficiently shown by the alleged location of the building. In the absence of proof that there was more than one building so located, the description of its location was sufficient, and the averment of its ownership was surplusage.

ID.—INSTRUCTION AS TO PROOF OF OWNERSHIP—SUFFICIENT PROOF BY CITY FOREMAN.—Conceding that, by reason of an instruction, given at the defendant's request, that in order to convict the defendant it was incumbent on the prosecution to prove, among other things, that the house alleged to have been feloniously entered was the property of the city of Los Angeles, as alleged in the information, it was necessary to make such proof, it is held that such proof was sufficiently made by the uncontradicted evidence of a witness shown to be the foreman of the city waterworks, that he, with other workers for the city, was constructing a water-tank for the city, and that the tool-house was constructed from material furnished by the city for the purpose of storing the tools used in the prosecution of such work.

ID.—CONVICTION OF BURGLARY IN FIRST DEGREE—SUFFICIENCY OF PROOF —ENTRY AFTER SUNSET.—It is held that a conviction of burglary in the first degree is sufficiently sustained by uncontradicted evidence that the burglary was committed in the evening, after dark, which justified the conclusion of the jury that it was committed after sunset.

ID.—PRODUCTION OF CODEFENDANT JOINTLY CHARGED—IDENTIFICATION— QUESTION—ABSENCE OF PREJUDICE—INSTRUCTION.—The production of a defendant jointly charged with the same offense for identification, and the asking by the district attorney of the foreman whether he had permitted him to enter the tool-house, to which no objection was taken, was without prejudice, where the court instructed the jury that they could not consider the identification of the codefendant as evidence of anything.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Newmire & Morris, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was prosecuted under an information charging him with the crime of burglary, and upon trial was found guilty in the first degree of the offense charged. As grounds for reversal of the judgment he presents three assignments of error.

The information charged defendant with entering a toolhouse of the city of Los Angeles, situated at Lemoyne street and Marcom avenue in said city. At the request of defendant the court instructed the jury that in order to convict defendant it was incumbent upon the prosecution to prove, among other things, that the house alleged to have been feloniously entered was the property of the city of Los Angeles as alleged in the information. The ownership of the building was immaterial, except for the purpose of affording a means of its identification. This was done by alleging it to be a tool-house located at Lemoyne street and Marcom avenue in the city of Los Angeles. In the absence of proof that there was more than one such building so located, such description was sufficient, and fully apprised defendant of the house he was charged with feloniously entering; hence, the allegation of ownership was surplusage. (*People* v. *Price,* 143 Cal. 352, [77 Pac. 73] ; *People* v. *Bitancourt,* 74 Cal. 190, [15 Pac. 744] ; *People* v. *White,* 116 Cal. 17, [47 Pac. 771].) Conceding, however, that by reason of the instruction given it was necessary to prove ownership in the city of Los Angeles, the uncontradicted testimony of witness Neisse was, we think, sufficient to establish such fact. His evidence was to the effect that he was foreman of the city waterworks and as such foreman was engaged with others working under him in constructing a water-tank; and while so engaged in

such capacity he, for the purpose of storing the tools used in the prosecution of the work in which he and others were engaged, constructed the tool-house out of material furnished him by the city.

The jury by its verdict found defendant guilty of burglary in the first degree. Appellant contends that there was no evidence tending to show that the offense was committed in the night-time, as defined by section 3260 of the Political Code and section 463 of the Penal Code, according to which "night-time" is the period between sunset and sunrise. The evidence, however, without contradiction, shows that the entry to the building was made "in the evening some time after dark." This was clearly sufficient to justify the conclusion of the jury that the offense was committed after sunset.

It appears that one Ruiz, who was jointly charged with defendant in the commission of the crime, was during the trial brought into court, and witness Neisse, the foreman who had charge of the tool-house, was by the district attorney told to "look at this man here," referring to Ruiz, and asked if he had ever given him permission to go into the tool-house and take the tools. Appellant contends that the production of Ruiz in this manner was misconduct on the part of the district attorney. No objection was made to the question, and we are unable to perceive in what possible manner the substantial rights of defendant could have been prejudiced by such act, particularly inasmuch as the court instructed the jury that the production of Ruiz for identification was not to be considered by them as evidence of anything.

The appeal is without merit, and the judgment and order denying defendant's motion for a new trial are affirmed.

Allen, P. J., and James, J., concurred.