STATE, Respondent, v. WILSON, Appellant.

(155 N. W. 186.)

(File No. 3835.    Opinion filed December 18, 1915.)

**Criminal Law—Burglary—Allegation of Ownership of Building, Necessity—Statute.**

Where an information for burglary failed to allege the ownership of the burglarized building, but did identify it by the city lot and block, and also as a building in which a firm whose individual names and firm name were stated as those of the owners of a hardware store kept by them therein, and in which they were doing a hardware business, held, that, under Code Cr. Proc. Sec. 226, as amended by Laws 1913, Ch. 242, providing that, when an offense involves commission of larceny or private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or the ownership of the property taken, is not material, held, that the information sufficiently describes the building, and was sufficient to sustain a conviction.

Appeal from Circuit Court, Davison County.   Hon. FRANK B. SMITH, Judge.

The defendant, Harry Wilson, was convicted of burglary in the third degree, and he appeals.   Affirmed.

*Roscoe Satterlee,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *Laurits Miller,* State's Attorney, for the State.

Appellant cited:

6 Cyc. 201; Portwood v. State, 29 Tex. 47, 94 Am. Dec. 258; State v. George James, 194 Mo. 268, 5 A. & E. Anno. Cas. p. 1007; Winslow v. State, 26 Neb. 308, 41 N. W. 1116; Jackson v. State, 55 Wis. 586, 13 N. W. 448; State v. Jelinek, 95 Iowa, 420, 64 N. W. 259.

Respondent cited:

State v. Stunkard, 28 S. D. 311; Secs. 230, 569, 500, Code Cr. Proc.; Pen. Code, Sec. 566; Laws 1913, Ch. 242; State v. Morse, (S. D.) 150 N. W. 93; State v. Simas, 25 Nev. 432, 62 Pac. 242;  3 Ency. El. Prac. 762; People v. Price, 143 Cal. 351, 77 Pac. 73; People v. Mendozo, (Cal.) 118 Pac. 964.

SMITH, J.   Appellant was convicted of the crime of burglary in the third degree upon an information which charged that:

"The said Harry Wilson * * * did willfully, unlawfully, and feloniously break and enter into a certain two-story building situated on lot 14, block 10, of the original plat of the town, now city of Mt. Vernon, county of Davison, state of South Dakota, in which said building was then and there kept certain property, to-wit, a stock of hardware merchandise then and there owned by A. H. Olson and John Asmussen, doing business as copartners under the firm name of Olson & Asmussen, with intent then and there to steal therein, contrary," etc.

Appellant's only contention is that the information does not state facts sufficient to constitute a public offense, in that it does not allege the ownership of the premises where the burglary occurred.

It is stated in text-books and in many decisions that, as a general rule, an indictment or information for burglary should

contain an allegation of ownership of the building entered. Such an allegation was required under the common-law rules of pleading, and the same rule has been applied under the statutes of a considerable number of the states. The reason for the rule generally assigned is that such an allegation identifies the property, thus advising the accused of one of the particulars of the crime charged, shows that the property entered is not the property of the accused, and enables the accused to plead with more certainty a former conviction or acquittal in bar of another prosecution for the same offense. State v. Jelinek, 95 Iowa, 420, 64 N. W. 259; Commonwealth v. Perris, 108 Mass. 1; State v. Davis, 138 Mo. 107, 39 S. W. 460.

Appellant cites and relies chiefly upon States v. James, 194 Mo. 268, 92 S. W. 679, 5 Ann. Cas. 1007. The Missouri court in that case says:

"In the absence of a statute, we are relegated to the common law rule, and we hold the information bad, in substance, in failing to allege the names of the copartners, if the Drysdale-Ulen Hardware Company was a firm, and, if a corporation, in not alleging it was a corporation."

The court also says that the rule as to alleging ownership is fully supported by the appellate courts of many states, including California. The court is in error, at least so far as California is concerned. The opinion in the James Case was rendered March 6, 1906. On May 24, 1904, two years prior to the decision in the James Case, the Supreme Court of California had held in People v. Price, 143 Cal. 351, 77 Pac. 73, that, under the statute in that state, it was unnecessary to allege the ownership of the building in an information for burglary, where the building was otherwise so described that the defendant could not be misled as to the property referred to, citing People v. Rogers, 81 Cal. 209, 22 Pac. 592; People v. Main, 114 Cal. 632, 46 Pac. 612; People v. White, 116 Cal. 19, 47 Pac. 771.

In People v. Price, supra, the court says:

"Streets are named and buildings thereon are numbered for the purpose of identifying the houses in a city, and it is hard to conceive of a more certain or accurate method to accomplish that end."

That court further says:

"Many cases from other jurisdictions are cited by respondent which are in harmony with the action of the court below. But the case must be governed by our own statutes as construed by this court."

The statute referred to is section 956 of the California Penal Code, which provides:

"When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

That section is practically identical with our section 226, Code Crim. Proc., as amended by chapter 242, Laws 1913.

The California court further says:

"This is a rule of criminal pleading, and applies to burglary as well as to larceny and other cases. Under it the name of the owner of the property entered is immaterial, except where necessary to identify the property. People v. Prather, 120 Cal. 606 [53 Pac. 259.]"

"Suppose we admit, as is contended, that a person could not be convicted of burglary as to his own house not occupied by another; it does not follow from this that the defendant must be informed in the complaint or information that the house in question is not his, or that it belongs to another. If the house is described by street and number, he can find out, if he does not already know, whether it is his or not, and can suffer no prejudice by the absence of an allegation as to ownership."

To the same effect are State v. Miish, 36 Mont. 168, 92 Pac. 459, 122 Am. St. Rep. 343; State v. Rogers, 40 Mont. 248, 106 Pac. 3; People v. Main, 114 Cal. 632, 46 Pac. 612; People v. White, 116 Cal. 19, 47 Pac. 771; People v. Mendozo, 17 Cal. App. 157, 118 Pac. 964; Spencer v. State, 5 Okl. Cr. 7, 113 Pac. 224.

In the case at bar the information identifies the property alleged to have been burglarized, not only by city lot and block, but also as a building in which the firm of Olson & Asmussen kept a stock of hardware merchandise owned by them, and in which building they were doing business. Certainly the information sufficiently describes and identifies the building. State v. Williams, 120 Iowa, 36, 94 N. W. 255; Hahn v. State, 60 Neb. 487, 83 N.

W. 674; State v. McAnulty, 26 Kan. 533; Brown v. State, 81 Miss. 143, 33 South. 170; State v. Simas, 25 Nev. 432, 62 Pac. 242.

The order and judgment of the trial court must be affirmed.