[Criminal No. 605. Filed January 24, 1925.]

[232 Pac. 556.].

## FRANK STEWART, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—FAILURE OF INFORMATION IN BURGLARY PROSECU-TION TO ALLEGE OWNERSHIP OF PROPERTY HELD' NOT FUNDAMENTAL ERROR.—Failure of information in prosecution for burglary of a Pullman car described by name to allege ownership of car did not constitute such fundamental error that it could be first raised on appeal, in view of Penal Code of 1913, sections 459, 940.

2. CRIMINAL LAW — FORMAL DEFECTS IN INDICTMENT NOT CALLED TO LOWER COURT'S ATTENTION CANNOT BE URGED FIRST TIME ON APPEAL.—Mere formal defects in an indictment, information or complaint, which are not called to attention of lower court, cannot be urged for first time on appeal, but fatal defects which are not amendable may be considered.

3. BURGLARY — NAME OF OWNER OF PROPERTY BURGLARIZED IMMA-TERIAL UNLESS NECESSARY FOR PURPOSES OF IDENTIFICATION.— Penal Code, section 940, providing that when an offense is described with sufficient certainty to identify the act, an erroneous allegation as to person injured is not material, applies to burglary, and name of owner of property burglarized is immaterial unless necessary for purposes of identification.

1. See 4 R. C. L. 432.

3. Necessity of alleging ownership of building entered in in-dictment for burglary, see note in 5 Ann. Cas. 1011.

4. BURGLARY—OWNERSHIP OF PROPERTY BURGLARIZED HELD TO SUFFI-
CIENTLY APPEAR FROM INFORMATION.—In information for burglary
of a Pullman car, ownership of the car sufficiently appeared by
the term "Pullman sleeping-car," which implied that it was prop-
erty of Pullman Company.

5. CRIMINAL LAW—THAT BLANKETS WERE NOT PLACED IN EVIDENCE,
OR THAT WITNESSES' STATEMENTS REMAINED A PART OF RECORD,
HELD NO GROUND FOR COMPLAINT IN BURGLARY PROSECUTION.—In
prosecution for burglary of a Pullman car, in which defendant
not only failed to object to testimony regarding stolen blankets,
but brought out much information thereon himself, he could not
complain on appeal that blankets were not placed in evidence, or
that witnesses' statements as to them remained a part of record.

6. BURGLARY — EVIDENCE HELD TO JUSTIFY FINDING THAT BLANKETS
SOLD BY DEFENDANT WERE STOLEN FROM PULLMAN CAR.—Evidence
on trial for burglary of Pullman sleeping-car, *held* to justify find-
ing that blankets sold by defendant were stolen by him from
sleeping-car.

See (1, 2) 17 **C. J.**, pp. 53, 54.    (3, 4) 9 **C. J.**, p. 1043.    (5) **17**
**C. J.**, p. 211.    (6) 9 **C. J.**, p. 1081.

APPEAL from a judgment of the Superior Court
of the County of Maricopa.  M. T. Phelps, Judge.
Affirmed.

Mr. Herman Lewkowitz, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr.
A. R. Lynch, Mr. Earl Anderson and Mr. E. W. Mc-
Farland, Assistant Attorneys General, for the State.

McALISTER, C. J.—This is an appeal by Frank
Stewart from a conviction for burglary in the second
degree, and an order denying him a new trial.
Following the title of the court and cause the in-
formation reads as follows:

"In the name and by the authority of the state of
Arizona, Cooper Gibbs and Frank Stewart are ac-

4.  Sufficiency of description of building in indictment for bur-
glary, see note in **Ann. Cas.** 1913D, 867.  See also, 4 **R. C. L.** 435.

cused this 7th day of February, 1924, by the county attorney of Maricopa county, state of Arizona, by this information, of the crime of burglary, to wit, a felony, committed as follows, to wit: The said Cooper Gibbs and Frank Stewart on or about the 30th day of December, 1923, and before the filing of this information, at and in the county of Maricopa, state of Arizona, did then and there willfully, unlawfully, feloniously, and burglariously enter that certain Pullman sleeping car known as and called Suisun there situate, with the intent then, there and therein to commit the crime of larceny—contrary to the form,'' etc.

The first assignment is that the information fails to state facts sufficient to constitute a public offense in this: ''That the ownership or possession of the property upon which the burglary is alleged to have been committed is not set forth in the information.'' This contention is raised for the first time on appeal. No demurrer to the information was interposed, nor was there any objection to the introduction of testimony upon the ground that a public offense was not stated. A motion in arrest of judgment based upon this and other grounds, was filed and overruled, but the action of the court in this respect is not assigned as error. If the statute requires that an information for burglary allege who was the owner of the property or entitled to its possession at the time it was burglarized before it can be held to state a public offense, the fact that such an allegation does not appear would constitute fundamental error which could be raised first in the appellate court, because it would not be waived by a failure to demur as would a mere formal defect. ''Mere formal defects in an indictment, information, or complaint, which were not called to the attention of the lower court,'' says 17 C. J. 53, ''cannot be urged for the first time on appeal. But, as a rule, fatal defects which are not

amendable may be considered for the first time on appeal.'' Under the provisions of section 459, Penal Code of 1913, defining the crime of burglary, the failure of the information to allege the ownership of the Pullman sleeping-car, Suisun, did not constitute error, certainly not error so fundamental and fatal that it could be raised first in this court. The reference in the information to this car identified it as the property burglarized, and sufficiently apprised appellant of the car he was accused of having burglariously entered. Nothing more was required since there was no proof that on December 30, 1923, there was more than one Pullman sleeping-car called Suisun in Maricopa county, Arizona. In construing the burglary statute of California from which section 459, *supra,* was evidently taken, the Supreme Court of that state said in *People* v. *Mendoza,* 17 Cal. App. 157, 118 Pac. 964:

"The ownership of the building was immaterial, except for the purpose of affording a means of its identification. This was done by alleging it to be a toolhouse located at Lemoyne street and Marcom avenue in the city of Los Angeles. In the absence of proof that there was more than one such building so located, such description was sufficient, and fully apprised defendant of the house he was charged with feloniously entering; hence, the allegation of ownership was surplusage. *People* v. *Price,* 143 Cal. 352, 77 Pac. 73; *People* v. *Bitancourt,* 74 Cal. 190, 15 Pac. 744; *People* v. *White,* 116 Cal. 17, 47 Pac. 771.''

Several other states have statutes similar to California's, and they have each reached a like conclusion. *State* v. *Wilson,* 36 S. D. 416, 155 N. W. 186; *State* v. *Mish,* 36 Mont. 168, 122 Am. St. Rep. 343, 92 Pac. 459; *State* v. *Wright,* 19 Or. 258, 24 Pac. 229.

Section 940 of the Penal Code of Arizona provides:

"When an offense involves the commission of, or an attempt to commit, a private injury, and is de-

scribed with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material.''

This provision applies as much to burglary as to larceny or any other criminal offense, and under it the name of the owner of the property burglarized is immaterial unless it be necessary for purposes of identification. Such being true, it was not required that the ownership or possession of this sleeping-car in the Pullman Company be alleged in order that it should appear that it was not the property of appellant. Ownership, however, sufficiently appears by the term "Pullman sleeping-car," which implies that it is the property of the Pullman Company. But if it be admitted that a person could not be guilty of burglarizing his own property not occupied by someone else, "it does not follow from this," says the court in *People* v. *Price,* 143 Cal. 351, 77 Pac. 73, "that the defendant must be informed in the complaint or information that the house in question is not his, or that it belongs to another. If the house is described by street and number, he can find out, if he does not already know, whether it is his or not, and can suffer no prejudice by the absence of an allegation as to ownership. Section 960, Pen. Code. Many cases from other jurisdictions are cited by respondent, which are in harmony with the action of the court below. But the case must be governed by our own statutes as construed by this court.''

Ten Pullman blankets were stolen from the car in question on December 30, 1923, and five of them, or five similar ones, were found in the possession of Chang Mun, a resident of Phoenix, who testified that he bought them from appellant about 8 P. M., December 30, 1923, for $5 each, one in possession of Alberta Jackson, who said she bought it from appellant on

December 31, 1923, for $4, and two others wrapped in a sheet near his home. These blankets, along with some others similar to them, were produced in court and as one large pile or bundle marked for identification. Both the state and appellant's counsel on cross-examination asked a number of questions concerning them, but they were neither offered nor received in evidence, the record failing to disclose just why the regular procedure in this respect was not followed. Appellant contends that the state relied solely upon proof of the crime of the larceny of the blankets to prove his identity as the perpetrator of the crime of burglary, and that, inasmuch as it is necessary under such conditions that proof of the theft be as strong as though the prosecution were for that offense, the testimony regarding the latter crime was insufficient, because the blankets marked for identification did not become a part of the record, and in consequence of this fact nothing said concerning them could properly be considered.

The testimony discloses, however, that these blankets were of the kind, size, and color of those used on Pullmans, each having the word "Pullman" woven in it in pink and in the same design. Robert Bradford, the porter of the car, Suisun, testified that they were exactly like those taken from this car, and Chang Mun and Alberta Jackson, after examining them, both testified that they were the kind purchased by them from appellant, the one the latter bought being positively identified by a certain mark placed upon it in her presence with an indelible pencil by the officer who took it from her house. None of this testimony was objected to, nor was a motion that it be stricken from the record, and the jury instructed to disregard it interposed. No move was made by appellant upon which the court could predicate action eliminating it from the jury's consideration, and no

reason appears, why it should of its own motion have directed that this be done. Appellant's counsel did request, at the conclusion of the state's testimony, that the blankets be withdrawn from the presence of the jury because they were not in evidence, and the court complied with this request, the state especially consenting to it, but the removal of the objects concerning which this testimony was given did not remove from the jury's mind or deprive it of the right to consider what the witnesses had said about them because this still remained a part of the record. The motion for a directed verdict made just prior to the request for a withdrawal of the blankets was not directed to the competency or relevancy of the testimony concerning them, but wholly toward the sufficiency of all the facts in evidence to support the accusation. Appellant having not only failed to offer any objection to the testimony elicited by the county attorney regarding the blankets, but having brought out much information on this subject himself through questions of his counsel, is not in a position to complain that the blankets were not placed in evidence, or that the statements of the witnesses as to them remained a part of the record. These were at best merely technical errors which could not have injured appellant.

If the blankets had not been marked for identification and the attention of the witnesses directed to them when questioned in regard thereto, there was still ample evidence to support the verdict. When it was disclosed that ten Pullman blankets were stolen from the sleeping-car, Suisun, on December 30, 1923; that within an hour or two thereafter appellant sold to Chang Mun five blankets of the same general character as those stolen, and the following day one to Alberta Jackson; that a few days after the theft of

the blankets he stated to the officers that no one was "in this game" with him, "whatever you find there, I carried them there myself," and that "I have two of them spread on my bed," though these were found across his yard fence wrapped in a sheet; that he was seen a few days before the larceny loitering around the Pullman cars in the Phoenix railroad yards wearing a white coat of the kind ordinarily worn by Pullman porters, though he was in no way connected with the Pullman or railway service; that a coat of this description was found in his trunk when the two blankets were recovered near his house; that about 10 A. M., December 22, 1923, while Officer J. L. Swarens of the Santa Fe was in the west end of a sleeping-car standing in the Phoenix yards he saw appellant wearing a coat of the kind just mentioned go into the east end of the car, and within a few minutes thereafter go out, though without taking anything belonging to the car, the officer testifying that he did not know whether he was seen by appellant or not, the jury was justified in concluding that the blankets sold by appellant were stolen by him from the car in question, and that he entered this car for that specific purpose.

The only other error assigned is based upon the instruction that the "possession of stolen goods by the accused, recently after a burglary, in which larceny also has been committed, if unexplained, is a circumstance from which you may infer the implication of the accused in the larceny." The objection is that it treats not only the blankets but the testimony based thereon as legal and competent evidence and that in it the court presumes the defendant guilty of larceny "of recently stolen property by the accused," etc. What has been said under the previ-

ous assignment sufficiently disposes of this contention without further discussion.

The judgment of the lower court is affirmed.

ROSS and LOCKWOOD, JJ., concur.