168 P.2d 237

**STATE v. MORENO.**

No. 960.

Supreme Court of Arizona.

April 15, 1946.

Leonard S. Sharman, of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., Maurice Barth, Asst. Atty. Gen., and Edwin Beauchamp, Co. Atty., and R. H. Renaud, Deputy Co. Atty., both of Phoenix, for appellee.

STANFORD, Chief Justice.

Defendant was found guilty in the superior court of the crime of burglary. A motion in arrest of judgment was filed by the defendant and later a motion for new trial, both of which were overruled and from which the defendant appeals to this court.

The information is designated "Information for burglary, a felony," and in the body of the information it is stated that the defendant "did then and there in the night-time enter that certain building known as Nick's Cafe, situated at 7th and Washington Streets in the City of Phoenix, County of Maricopa, State of Arizona, with the intent then and there and therein to commit the crime of theft; * * *"

Section 43-901, A.C.A.1939, is as follows:

"Burglary defined — Degrees — Punishment.—Every person who enters any building, dwelling-house, office, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, garage, tent, vessel, or railroad car with intent to commit grand or petit larceny or any felony; and every person who enters any outhouse or other building not above enumerated, with intent to commit any felony, is guilty of burglary. Burglary committed in the night-time is burglary of the first degree, and burglary committed in the daytime is burglary of the second degree."

By assignments of error defendant claims that: (1) The information charging the defendant did not inform him of the nature of the accusation nor contain a statement in ordinary and concise language setting forth the elements of the offense charged. (2) That the information filed did not advise defendant as to the ownership or occupancy of the building alleged to have been burglarized.

The essential thing for determination in this case is whether the information is sufficient to advise defendant of the crime charged.

It is defendant's contention that the word "theft" as referred to in the infor-

mation is so uncertain as to its meaning under the charge of burglary that the information is thereby made vague, indistinct, indefinite and confusing.

Defendant quotes from the case of Kinksbury v. State, 28 Ariz. 86, 235 P. 140; Earp v. State, 20 Ariz. 569, 184 P. 942; Rodriquez v. Territory, 14 Ariz. 166, 125 P. 878; Williams v. State, 12 Tex.App. 395, and many other cases. We find on investigation of the Arizona cases that all of the opinions were rendered prior to the adoption of our rules and enactment of same into the law of our state in 1940. Sec. 44-708, A.C.A.1939, under the heading of "Form of information" now reads as follows:

"The information may be in substantially the following form:

"In the (here state the name of the court) the ———— day of ————, 19—. * * * X.Y. (here state the title of the county attorney) for the county of ———— accuses A. B. of (here charges the offense in one of the ways mentioned in section 152— e.g. murder (assault with intent to kill, poisoning an animal contrary to section 4825, Revised Code of 1928,)) and charges that (here the particulars of the offense may be added with a view to avoiding the necessity for a bill of perticulars (particulars)). (Rule Cr.Proc. § 151)."

The case of State v. Benham, 1941, 58 Ariz. 129, 118 P.2d 91, 92, is one where manslaughter was charged and the means of taking the life was an automobile driven by the defendant and the pertinent portions of the information read as follows:

"The said George Benham, on or about the 14th day of October, 1940, and before the filing of this information, at and in the County of Pima, State of Arizona, did then and there unlawfully and negligently kill one Thelma Haines, a human being. * * *"

We further quote:

"* * * The code of criminal procedure section 44-711, Arizona Code 1939, provides that an indictment or information may charge an offense (1) by its common-law or statutory name, (2) by reference to the section or subsection of the statute creating the offense, and (3) '(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.' Section 44-712 provides that when the offense is charged as permitted in the preceding section 'but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the county attorney to furnish a bill of particulars containing such information as may be necessary for these purposes.' * * *

"In view of the simplified forms of indictment and information under the new criminal procedure, bills of particulars assume an important place in criminal trials. What was formerly essential to allege in the indictment or information may now be supplied to a defendant in a bill of particulars.

"The information charged the offense by name and also in accordance with subdivision (b), section 44-711, supra. It does not set out the means used by defendant to commit the homicide, nor was it necessary that it should. Sec. 44-717.

\* \* \* \* \* \*

"The simplified rules of procedure do not take from a defendant one whit of meritorious defense, but those rules do not tolerate defenses that only delay or obstruct the termination of criminal cases. An indictment or information that charges a homicide by name, as for instance, manslaughter, is good under the code, but one thus charged. is entitled to know what the state expects to prove against him before he is put on his trial. It is not hardship on the state, and it is certainly due to the defendant, that he be told that the state will, for example, offer evidence of three criminal acts, to wit, that the defendant was driving his autombile while under the influence of intoxicating liquors, that his headlights were poor, and that his brakes were inefficient and because thereof he ran into and killed the deceased."

Section 43-5501, A.C.A.1939, under the heading of "Theft defined" states the following:

"Any person who commits any other offense constituting larceny or embezzlement or specifically punishable as such, under the provisions of any law in force at the time this act takes effect, is guilty of theft. Any law which refers to or mentions larceny, embezzlement, or stealing, shall be interpreted as if the word 'theft' was substituted therefor."

The case of People v. Myers, 206 Cal. 480, 275 P. 219, affirms a conviction of the superior court on an information charging burglary under its penal code reading as follows:

" 'Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine, or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.' This information as originally drafted was undoubtedly sufficient. \* \* \*"

The information filed in that case after it was changed or amended by the trial court as to the word "larceny" to the word "theft" read as follows:

"The said Frank A. Myers ' \* \* \* did willfully, unlawfully, feloniously and burglariously enter the store, room and building of one August Wahlforth, located at

number 124 North Main street, in the city of Los Angeles, county and state aforesaid, with the intent then and there and therein to commit the crime of theft.' "

The court said:

"As originally filed, the word 'larceny' appeared where the word 'theft' is now found. The court, at the conclusion of the evidence, ordered this amendment made. This he deemed expedient because of the provisions of section 490a of the Penal Code,. enacted in 1927 as part of a comprehensive plan to simplify procedure in criminal cases, which section reads as follows: 'Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.' "

 The other point of contention of the defendant is that the information in this case should have alleged directly the ownership or occupancy of the building entered and the defendant quoted from 20 A.L.R. 510 as follows:

"By the great weight of authority an indictment or information for burglary must allege directly the ownership of the building entered. (Citing cases from Ala., Fla., Ill., Iowa, Mass., Miss., Mo., Neb., Ohio, Okla., S.C., W.Va., Wis., and England.)"

The reasons for the above rule the defendant herein sets forth are stated in the case of State v. Trapp, 17 S.C. 467, 470, 43 Am.Rep. 614:

"For the purpose of showing on the record that the house alleged to have been broken into, was not the dwelling house of the accused, inasmuch as one cannot commit the offence of burglary by breaking into his own house."

Also defendant cites the case of Davis v. State, 51 Fla. 37, 40 So. 179.

Sec. 44-716, A.C.A.1939, under the heading of "Place" is as follows:

"(1) An indictment or information need contain no allegation of the place of the commission of the offense, unless such allegation is necessary to charge the offense, under section 152 (§ 44-711).

"(2) The allegation in an indictment or information that the defendant committed the offence shall in all cases be considered an allegation that the offence was committed within the territorial jurisdiction of the court."

The information in this case charged the defendant with burglary by entering that certain building known as "Nick's Cafe" situated at Seventh and Washington Streets in the City of Phoenix, Maricopa County, Arizona, with the intent and etc. In our case of Stewart v. State, 1925, 27 Ariz. 240, 232 P. 556, which was a case where the defendant was charged with entering a pullman sleeping car known as and called "Suisun," the court said:

" * * * Under the provisions of section 459, Penal Code of 1913, defining the crime of burglary, the failure of the information to allege the ownership of the Pullman sleeping car, Suisun, did not constitute error, certainly not error so fundamental and fatal that it could be raised first in this court. The reference in the information to this car indentified it as the property burglarized, and sufficiently apprised appellant of the car he was accused of having burglariously entered. Nothing more was required since there was no proof that on December 30, 1923, there was more than one Pullman sleeping car called Suisun in Maricopa county, Ariz. In construing the burglary statute of California from which section 459, supra, was evidently taken, the Supreme Court of that state said in People v. Mendoza, 17 Cal.App. 157, 118 P. 964:

"The ownership of the building was immaterial, except for the purpose of affording a means of its identification. This was done by alleging it to be a toolhouse located at Lemoyne street and Marcom avenue in the city of Los Angeles. In the absence of proof that there was more than one such building so located, such description was sufficient, and fully apprised defendant of the house he was charged with feloniously entering; hence, the allegation of ownership was surplusage. People v. Price, 143 Cal. [351], 352, 77 P. 73; People

v. Bitancourt, 74 Cal. [188], 190, 15 P. 744; People v. White, 116 Cal. 17, 47 P. 771.' "

The Supreme Court in the case of State v. Bull, 47 Idaho 336, 276 P. 528, 529, in determining the validity of an information charging burglary said:

" * * * The identity of the building is a necessary preliminary to any showing of a crime, but its ownership, as such, is immaterial. (citing cases)."

In view of the foregoing authorities and the holdings of this court we conclude that any information is sufficient which charges that the defendant entered with the intent to commit the crime of theft. In view of the new rules and the statutory enactments, it is not necessary that the defendant be charged with entering with the intent to commit the crime of larceny. We further conclude that it is not necessary to negative ownership of the premises in the defendant and that by designating the premises entered, the defendant was fully advised of the offense charged and the place of its commission.

The court is indebted to the attorneys representing the defendant and state for the presentation of their very excellent briefs and arguments in aid to the court.

We find no error in the case. Accordingly the judgment is affirmed.

LA PRADE and MORGAN, JJ., concur.