407 P.2d 752

**STATE of Arizona, Appellee,**

**v.**

**Pete "Sudro" GALLEGOS, Appellant.**

**No. 1327.**

Supreme Court of Arizona.

En Banc.

Nov. 12, 1965.

Darrell F. Smith, Atty. Gen., Gary Nelson, Asst. Atty. Gen., for appellee.

Peterson, Estrada & Matz, and Gerald Machmer, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant Pete Gallegos was tried on three counts for the crime of illegal sale of narcotic drugs and convicted on Count Two, charging the sale of heroin in violation of § 36–1002.02, A.R.S., 1961, as amended, and Count Three, charging the sale of marijuana, in violation of § 36–1002.07, A.R.S., 1961, as amended.

As grounds of appeal, appellant assigns that a fatal defect existed in the information on which he was convicted because it fails to name the person to whom the narcotics were sold, citing Earp v. State, 20 Ariz. 569, 184 P. 942. We do not consider that case as authority for the law as it exists today. It was specifically disapproved in State v. Moreno, 64 Ariz. 226, 168 P.2d 237, where, in examining it along with other Arizona decisions, we said:

> "We find on investigation of the Arizona cases that all of the opinions were rendered prior to the adoption of our rules and enactment of same into the law of our state in 1940." 64 Ariz. 226, 228, 168 P.2d 237.

We stressed what we said before in State v. Benham, 58 Ariz. 129, 118 P.2d 91, that:

> "In view of the simplified forms of indictment and information under the new criminal procedure, bills of particulars assume an important place in criminal trials. What was formerly essential to allege in the indictment or information may now be supplied to a defendant in a bill of particulars." 58 Ariz. 129, 133, 118 P.2d 91, 93.

The older cases prior to 1940 demanded technical formalities in an information with a view to advising a defendant of particulars which he might need so as to defend against the charge or to assert a plea of double jeopardy in the event of a sub-

sequent prosecution. The modern view is that a vendee's name need not be set forth in the information. See Taylor v. United States, 8 Cir., 332 F.2d 918, and People v. Leiva, 134 Cal.App.2d 100, 285 P.2d 46. Appellant's remedy was by an application for a bill of particulars prior to trial.

Appellant asserts error by the trial court in permitting the State to show evidence of other criminal acts of appellant. Appellant was asked on direct examination by his counsel:

"Q. Are you a heroin peddler, sir?

"A. I don't peddle, I buy it for my own use.

"Q. Are you a marijuana peddler, sir?

"A. No, I don't smoke it, now that I am shooting dope. * * *"

Thereafter on cross-examination he was questioned concerning certain conversations between himself and one John J. McCarthy. He was asked whether he had told McCarthy that he, appellant, had smoked a marijuana cigarette about six weeks before the trial and whether he had told him that he had taken a shot of heroin a few days after that, and whether appellant had communicated to McCarthy where he hid his narcotic equipment and where he kept heroin in his home. Appellant denied discussing these matters with McCarthy. McCarthy was later called in rebuttal and testified that such statements had been made to him. By A.R.S. § 36–1062, as amended, Laws of 1961, it is unlawful and a misdemeanor for a person to use narcotic drugs except under the special circumstances permitted by the statute, as for example, under direction of a licensed physician.

It has long been the rule that a witness may not be impeached by specific acts of misconduct not amounting to a conviction for a felony. State v. Johnson, 94 Ariz. 303, 383 P.2d 862; State v. Polan, 78 Ariz. 253, 278 P.2d 432; State v. Harris, 73 Ariz. 138, 238 P.2d 957; State v. Singleton, 66 Ariz. 49, 182 P.2d 920; State v. Peters, 60 Ariz. 102, 131 P.2d 814. However, it is also the rule that if the defense introduces discrediting testimony it is in no position to complain if the State pursues the matter further. State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011; Riley v. State, 50 Ariz. 442, 73 P.2d 96.

Since appellant admitted the use of heroin, the testimony of McCarthy that he, appellant, took a shot in the month of September about five weeks before the trial, that he had narcotic equipment and where he kept heroin could not have been prejudicial even though it tended to show other specific acts of misconduct. The testimony that he smoked a marijuana cigarette positively contradicted his testimony that he "didn't smoke it, now that I am shooting dope." We find no merit in appellant's position that the trial court

erroneously permitted impeachment through the testimony of the witness McCarthy.

■■■■ Appellant assigns as error the court's failure to grant a mistrial because of the testimony of a State witness on cross-examination. The witness had been examined relative to payment of appellant for the purchases of narcotics. He was then asked these questions and gave these answers:

"Q. Do you know where Mr. Gallegos works?

"A. No, sir, I sure don't.

"Q. You don't know how much he makes a week or whether he is married or single?

"A. *Peddling marijuana or at his work, sir, I don't understand.*

"Q. Would you repeat that, * * ?

"A. I said I don't understand the question. You said if I knew how much money he made, and a few minutes ago you was referring to him selling me a cigarette, so I don't know whether you mean selling marijuana or his work. I don't know where he works or if he works.

\* \* \* \* \* \*

"Q. Did you say his work peddling marijuana? Is that what you said?

"A. At his work or peddling marijuana.

"Q. I asked you where he worked. Are you referring to his job, his work, as he peddles marijuana?" (Emphasis supplied.)

Appellant's position is that the State's witness by answering his question, "Peddling marijuana or at his work, sir, I don't understand," deliberately injected the suggestion that appellant was guilty of other criminal offenses of selling marijuana. It is true that the witness's answer suggests that he knew or believed appellant engaged in unlawful sales of marijuana as a business. We do not think, however, that it is a necessary conclusion that the witness deliberately injected this matter into the case. He had just answered questions on cross-examination concerning the payment of money for the marijuana which appellant was accused of purchasing. The witness could have been confused when almost immediately thereafter he was asked a question which in substance might be construed to mean whether the witness knew what appellant's earnings were. The witness could conceivably have thought that the question included narcotic sales.

In State v. Gortarez, 96 Ariz. 206, 393 P.2d 670, we held that where otherwise inadmissible testimony was given and was called for by the question of defense counsel, it would not be considered as reversible error even if prejudicial. We do not assume that the trial court was unaware of the principles enunciated in our decisions.

If the court concluded that the State's witness deliberately introduced the prejudicial matter of other criminal offenses, under the repeated holdings of this Court it had no discretion but to direct a mistrial. On the other hand, if the answer was responsive to a question asked by defense counsel, the court should deny the application for mistrial. But, where, as here, there is doubt as to which has occurred, there is an area in which the trial judge must exercise his discretion in considering the atmosphere of the trial and of the examination and the witness's understanding and intelligence. In this instance, the trial judge apparently resolved this in favor of the State's witness. He denied the motion for mistrial and instructed the jury to disregard the witness's answer concerning peddling marijuana. We will not disturb this discretion unless it clearly appears, which it does not here, that the trial judge erred and hence was wrong.

■ Appellant finally complains of a series of incidents on the part of the prosecution in which it appeared that the defense counsel felt it necessary to request the trial court to admonish the prosecuting attorney to refrain from "laughing, giggling, and moaning and sighing" and from making such remarks as "Counsel is grandstanding for the jury," and others which impugn the integrity of the attorney for the defendant.

We have examined the record with a view to ascertaining whether the attitude of counsel was such as to likely prejudice the defendant in his defense and have concluded that it probably did not. What we said in Sullivan v. State, 47 Ariz. 224, 55 P.2d 312, concerning remarks of counsel in arguments to the jury is applicable here:

"* * * Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by those remarks." 47 Ariz. 224, 238, 55 P.2d 312, 317.

In examining the record in the light of the setting in which the incidences occurred, we are of the view that under the particular circumstances of the case they are unlikely to have influenced the jury.

However, since the prosecuting attorney's conduct has been challenged in this Court, we cannot pass the matter without cautioning counsel that conduct of this nature not only brings disrepute upon the courts and the profession of law but tends toward miscarriages of justice. Such conduct is in part prohibited by Canon 17 of the Canons of Professional Ethics and violates the spirit of the canons dealing with the relationship of the courts and lawyers. It is to be strongly criticized and not to be tolerated in any court in this state since

both the interest of justice and the public image of the courts of law may suffer.

Judgment affirmed.

LOCKWOOD, C. J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.