[No. 10,166.]

## THE PEOPLE *v.* FRANCISCO THOMPSON.

CORROBORATING EVIDENCE IN A CRIMINAL CASE.—The corroborating evidence required to convict a defendant, in addition to that of an accomplice, is not sufficient if it merely tends to raise a suspicion of the guilt of the accused.

CASE COMMENTED ON.—The case of *People* v. *Ames* (39 Cal. 403), commented on.

APPEAL from the County Court, County of Santa Cruz.

The facts are stated in tne opinion.

*Parker, Roche & Robinson,* for the Appellant.

*The Attorney-General,* for the People.

By the Court, CROCKETT, J.:

The defendant having been convicted of a felony, chiefly on the testimony of an accomplice, has appealed from the judgment and from the order denying his motion for a new

trial. At the trial, the court charged the jury as follows: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense or the circumstances thereof. That is to say, the corroborating evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the *defendant* with the commission of the offense. The purpose of this section of our Penal Code is to prohibit a conviction unless there is some evidence entirely exclusive of that of the accomplice, which of itself, and without the aid of that of the accomplice, tends to raise at least a suspicion of the guilt of the accused. The corroborating evidence may be slight, and entitled to but little consideration; nevertheless, the requirements of this section are fulfilled if there be any corroborating evidence, which, of itself, tends to connect the accused with the commission of the offense."

That portion of the charge commencing with the words, "That is to say," is taken literally from the opinion of this Court in *People* v. *Ames* (39 Cal. 403). It is insisted by counsel that the portion of the charge which states that "the purpose of this section of our Penal Code (section 1111) is to prohibit a conviction, unless there is some evidence, entirely exclusive of that of the accomplice, which of itself, and without the aid of that of the accomplice, tends to raise at least a suspicion of the guilt of the accused," is erroneous, and was calculated to mislead the jury. That clause of the opinion in *People* v. *Ames* must be construed with reference to the facts of that case, in which there was not the slightest corroborating evidence which, of itself, tended to connect the defendant with the commission of the offense; and all we intended to say in the extract last quoted was, that when there was no corroborating evidence (as in that case) which of itself tended to raise even a suspicion of the guilt of the accused, there could be no conviction on the testimony of the accomplice alone. But we did not intend to lay down

the rule, that if the corroborating evidence sufficed to raise merely a *suspicion* of the defendant's guilt, and nothing more, that it would be a 'sufficient corroboration within the meaning of section 1111. We discover no error in the remainder of the charge on this point; but as the jury may have been, and probably were misled by the charge as given, we think there ought to be a new trial.

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Justice NILES nor Mr. Justice MCKINSTRY expressed an opinion.