[No. 10,626.—Department One.]

THE PEOPLE v. CHARLES EDWARDS ET AL.

VARIANCE AS TO OWNERSHIP OF PROPERTY—BURGLARY.—In an information for burglary the property entered was described as a certain building in the town of Gilroy, Santa Clara County, known as "the store of one S. Loupe." The evidence showed that the store in question was known as "Loupe's store;" that there was no other store and no other premises in the county which answered to that description; and that the store belonged to S. Loupe, L. Loupe, and A. Haas, who were partners doing business therein. *Held:* The variance was immaterial.

APPEAL from a judgment of conviction and from an order denying an arrest of judgment, and from an order denying a new trial in the Superior Court of the County of Santa Clara. BELDEN, J.

*W. C. Kennedy*, for Appellants.

The *allegata* and *probata* should correspond. (1 Whart. Crim. L. 798; 2 Whart. Am. Crim. L. 1610, 1672; 2 Bish. Crim.

Proc. 109; *People* v. *Ah Sing,* 19 Cal. 598; *People* v. *Shaber,* 32 id. 37; *People* v. *Hughes,* 41 id. 237.) Where property belongs to partners, all must be correctly named. (2 Whart. Cr. Law, 1610, 1820, 1833; *Commonwealth* v. *Trimmer,* 1 Mass. 476; *State* v. *McCoy,* 14 N. H. 364; 12 Allen, 183; 41 Ala. 416; 25 Ind. 234; 21 Iowa, 433.)

No brief on file for Respondent.

McKEE, J.:

The information in this case is for the offense of burglary. It is charged that the defendants broke and entered into a certain building in the town of Gilroy, Santa Clara County, known as "the store of one S. Loupe," with intent to commit larceny. The evidence showed that the store in question was known as "Loupe's store;" that there was no other store and no other premises in the county which answered to that description; and that the store belonged to S. Loupe, L. Loupe, and A. Haas, who were partners doing business therein.

The record shows that the defendants were convicted after a fair trial, but, as is usual in criminal cases, certain irregularities in the form of the proceedings constitute the matter of the assignments of errors.

Because of the variance between the allegation of the information as to the ownership of the store and the proof, it is contended that the Court erred in allowing testimony as to the reputed ownership of the store; in refusing to instruct the jury to acquit on the ground of such variance; in refusing to set aside the verdict of the jury and to grant a motion made for arrest of judgment upon the same grounds, and in instructing the jury upon the same subject, as follows: "The variance claimed is that the information alleges that the building broken open was the property of S. Loupe, the variance is claimed to be that the proof shows it was the property of a partnership of which S. Loupe, L. Loupe, and A. Haas were the owners. I instruct you that if that is so, (and it is not contested), if it were in fact the property of this copartnership, such variance is cured by the fact that the premises in question were generally known as Loupe's, and that there was no other store and no other prem-

ises in the county which answered to that description. That is, I instruct you, not that there are not such, but if you find such to be the case, that there was no such property, no other store than that thus described, that that would cure the error, if error otherwise existed. It is for you to determine from the evidence whether there is such other store, such other firm, or such other property corresponding to the description in the information."

At common law the ownership of property upon which an offense was committed was an essential averment in an indictment; and it was necessary to prove it as alleged. If stolen goods were the property of partners or joint owners, the names of all the partners or joint owners had to be stated if known; if not known, then it was necessary to state them to be the property of one, naming him, and of others unknown. To relieve criminal proceedings from the embarrassments arising from this rule, the statute 7 Geo. IV., c. 64, sec. 14, was passed, which provided, that where the stolen goods were the property of partners, joint tenants, parceners, or tenants in common, it should be sufficient to charge the property in one of them by name, and another, or others, according to the fact. There is no such statute in this state, but section 956 of the Penal Code provides: "When an offense involves the commission, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be charged, is not material."

The defendants having been charged with having entered a store of a certain person with intent to commit larceny, the act and the intent were both alleged with sufficient precision and certainty to constitute the offense, and to enable the defendants to understand the accusation made against them, and which they were called upon to answer. The evidence identified the name of the store with that averred in the information. Both allegations and proof corresponded, and were sufficient to identify the offense. It is true, that the additional fact was elicited that other persons were interested with the party named in the information as owner of the store which had been broken into and entered; but if that fact had been recited in the information, it would not have identified

the offense with any greater certainty, or enabled the defendants to understand more clearly the offense with which they were charged. It only showed that there was a partially erroneous description or allegation of the ownership of the store in which they had committed the offense. But the discrepancy did not in any respect affect the validity of the information, nor could it in any way have misled or prejudiced the defendants in their defense; it affected none of their substantial rights; the variance was therefore immaterial, and there was no error in the proceedings of the Court, or in its instruction to the jury.

Judgment and order affirmed.

Ross and McKINSTRY, JJ., concurred.