[20977. In Bank. — May 5, 1893.]

# THE PEOPLE, RESPONDENT, *v.* J. D. SMITH, APPELLANT.

CRIMINAL LAW — MURDER — EVIDENCE — TESTIMONY OF ACCOMPLICES. — Where the testimony of accomplices is the only evidence tending in any degree to connect the defendant in a prosecution for murder with the commission of the crime charged, a verdict of guilty cannot be sustained.

Appeal from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. J. Bruner,* and *Elwood Bruner,* for Appellant.

*Attorney-General W. H. H. Hart,* and *District Attorney F. D. Ryan,* for Respondent.

DE HAVEN, J. — The defendant and four other persons were jointly indicted and charged with the murder of one Robert Allen, alleged to have been committed in the county of Sacramento, in the month of May, 1891. The defendant was convicted of murder in the first degree and sentenced to imprisonment for life, and from this judgment and an order denying his motion for a new trial he has appealed to this court.

The only evidence in the record before us which tends in any degree to connect the defendant with the commission of the crime of which he has been convicted is the testimony of his co-defendants, Gordan and Casey, and whose testimony, if true, shows them to have been his accomplices. This evidence, being uncorroborated, is not sufficient to sustain the verdict in this case. This is the explicit declaration of section 1111 of the Penal Code, which declares: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof." It was held in *People* v. *Thompson,* 50 Cal. 480, that where the evidence relied upon as corroborative of that of the accomplice was only such as to raise a suspicion of

the guilt of a defendant, it was not sufficient; but this case is still weaker upon its facts. There is here absolutely no evidence whatever, aside from that of the accomplice, upon which to found even a well-grounded suspicion of the guilt of defendant.

Judgment and order reversed.

FITZGERALD, J., McFARLAND, J., BEATTY, C. J., HARRISON, J., and GAROUTTE, J., concurred.