THE PEOPLE, RESPONDENT, v. FRED KOENING, APPELLANT.

CRIMINAL LAW — EVIDENCE OF ACCOMPLICE — INSUFFICIENT CORROBORATION — SUS-
PICION OF GUILT. — Under section 1111 of the Penal Code, the corroboration
of the evidence of an accomplice must be by other evidence, which in itself,
and without the aid of the testimony of the accomplice, tends to connect the
defendant with the commission of the act, and testimony which at most only
raises a bare suspicion of the defendant's guilt falls short of such corroboration
as can be relied upon to support a conviction.

ID. — GRAND LARCENY — TESTIMONY OF PRINCIPAL THIEF — CONVICTION NOT WAR-
RANTED. — When a defendant accused of grand larceny was convicted upon the
testimony of a woman with whom he had lived, who admitted that she com-
mitted the larceny in person and testified that she was urged to do it by the
defendant and paid the money over to him, without other evidence as to his
complicity, except a request from him to the sheriff to see her after her arrest,
and declarations by him that the sheriff had the wrong woman, and that he
did not know or have anything to do with her, such figment of evidence in
support of her testimony does not rise to the dignity of corroboration, and
cannot warrant a conviction of the defendant.

APPEAL from a judgment of the Superior Court of Butte
County, and from an order denying a new trial.

The facts are stated in the opinion.

*R. Clark*, and *J. M. McGee*, for Appellant.

*Attorney-General W. H. H. Hart*, and *Lewis Freer*, for Re-
spondent.

SEARLS, C. — The defendant was convicted of the crime of
grand larceny, committed at Oroville, county of Butte, July 8,
1892. He moved for a new trial which was denied, and there-
upon he appeals. He was convicted as an accomplice of one
Sarah Brady, who admits that she committed the offense, and
the only question calling for discussion relates to the sufficiency
of the evidence in corroboration of said Brady.

The testimony tended to show that on the 3d of July, 1892,
defendant engaged to one Klein to tend bar for the latter in
place of his regular bar-tender, who was ill. Defendant and
Sarah Brady were acquainted and had lived together more or
less for a year or two. Chris Gilmer was accustomed to visit the
saloon of Klein and at times slept there. On the afternoon of
July 7th Sarah Brady visited the saloon, met Gilmer there, and

they drank together repeatedly. The Brady woman returned to the saloon the same evening, again met Gilmer, who had retired to an adjoining room usually occupied by the regular barkeeper. Gilmer was aroused, and they again had numerous potations, after which they retired, occupying together a bed in the bar-tender's room. In the early morning Sarah Brady extracted from beneath the pillow $80.50, the property of Gilmer, and, according to her testimony, found defendant lying on a lounge in the saloon, to whom she gave the money. She testifies further that defendant had on the previous evening advised her to work some money out of Gilmer, and had said, "If you don't get that money you are no good," etc. The only evidence against defendant in corroboration of the above testimony of Sarah Brady is to the effect that when she was arrested he went to the sheriff and desired to see her, and, upon his request being refused, said, in the language of the sheriff, "He told me that I had the wrong woman, then he went off," and in the language of the under-sheriff, "Defendant said he did not know or have anything to do with her."

On the part of defendant there was testimony tending to show that he did not sleep in the saloon on the evening in question, but that he left before the proprietor who locked up the place, and that defendant had no key thereto so far as he (the proprietor) knew. There was also evidence as to defendant's previous good character for honesty, by many apparently reliable witnesses.

Defendant was a witness in his own behalf and declared he left the saloon before the proprietor, that he had no key, and that when he returned in the morning the saloon had been opened by Ed., the old barkeeper. He denied that the Brady woman was his mistress, admitted he had been at her house some times, and accounted for his inquiry at the jail by saying he was acquainted with her, had heard she was arrested, and desired to know what she was arrested for.

This testimony was not sufficient to warrant a conviction. Sarah Brady was confessedly the perpetrator of the felony. The testimony as to defendant's complicity all came from her. "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which, in itself, and

without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof." (Pen. Code, sec. 1111.) No inference of the guilt of the defendant can be drawn from the fact that he was at the saloon on the evening of the commission of the crime, beyond the fact that it gave him an opportunity to advise its commission. His business called him there and his presence was not a suspicious circumstance. His inquiry at the sheriff's office is not regarded of sufficient importance to warrant a conviction. At most, it could only raise a bare suspicion and falls short of such corroboration as can be safely relied upon to support a conviction. (*People* v. *Ames*, 39 Cal. 403; *People* v. *Thompson*, 50 Cal. 480.)

It is the peculiar province of the jury to weigh the evidence and determine the credibility of witnesses, and this court will not, in case of a substantial conflict in the evidence, disturb the verdict of the jury. So in case of the corroboration of an accomplice, if there is any substantial evidence in support of a satisfactory case made by the accomplice, the court will not trench upon the province of the jury by reversing its action.

In the present instance, however, the figment of evidence in support of the testimony of the accomplice does not rise to the dignity of corroboration, and the judgment and order appealed from should be reversed, and a new trial ordered.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial ordered.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.