[Crim. No. 192.    Department One.—October 29, 1896.]

THE PEOPLE, RESPONDENT, v. ROBERT MAIN, APPELLANT.

CRIMINAL LAW—ROBBERY—ACCOMPLICE.—A defendant accused of robbery cannot be convicted upon the uncorroborated testimony of an accomplice.

ID.—OWNERSHIP OF BUILDING—IMMATERIAL VARIANCE.—Where an information for robbery alleges that the building entered was "the slaughterhouse of A. Zimmermann and L. Deffner, copartners, situated about two miles east" of a designated place, and the evidence shows that the building was owned by John Zimmermann and L. Deffner, and also that

there was no other butcher in that neighborhood by the name of Zimmermann, and no other slaughterhouse belonging to or used by a firm of Zimmermann & Deffner within a radius of seven miles, the variance is immaterial.

APPEAL from a judgment of the Superior Court of Napa County and from an order refusing a new trial. E. D. HAM, Judge.

The facts are stated in the opinion of the court.

*George E. Colwell,* for Appellant.

*W. F. Fitzgerald, Attorney General,* and *W. H. Anderson, Assistant Attorney General,* for Respondent.

HARRISON, J.—The defendant was convicted of burglary in the first degree, in entering a slaughterhouse and stealing therefrom a sheep and a hog that had been killed, for which he was sentenced to imprisonment for seven years in the state prison.

The only evidence before the jury connecting the defendant with the overt act was that of one Hanson, against whom an information had been filed charging him with burglary committed at the same time and place. After he had been called as a witness he refused to testify upon the ground that his testimony would tend to convict him of a felony, and thereupon the district attorney dismissed the information against him. He then testified that on the 7th of April, 1896, he and certain other persons were living at Mrs. Moore's, near St. Helena, and that he and one of those persons, together with the defendant, drove along the county road in a cart to the slaughterhouse in question, and that the defendant remained in the cart while he and the other person entered the slaughterhouse and took therefrom a sheep and a hog, which they then carried back to Mrs. Moore's. There was no other evidence which tended to connect the defendant with the commission of the offense, or to corroborate the testimony of this accomplice. Mrs. Moore testified that after she went to bed

she heard some of the boys go out, but did not know who went out; nor was there any testimony other than that of Hanson tending to show that the defendant even knew that the hog and sheep had been taken from the slaughterhouse until after they had been brought to Mrs. Moore's house, when, wakened by the noise, he came out of his room and saw them lying on the table. Several of the witnesses testified, and there was no evidence to the contrary, that he went to bed early in the evening and remained there until wakened, as above stated. The testimony was insufficient to justify the jury in convicting the defendant. (Pen. Code, sec. 1111; *People* v. *Thompson*, 50 Cal. 480; *People* v. *Koening*, 99 Cal. 574; *People* v. *Smith*, 98 Cal. 218.) Aside from the testimony of the accomplice, there was absolutely no evidence on which to found even a suspicion of his guilt.

The variance between the ownership of the slaughterhouse, as charged in the information and as shown at the trial, was immaterial. The information stated that it was "the slaughterhouse of A. Zimmermann and L. Deffner, copartners, situated about two miles east of the town of St. Helena, in the county and state aforesaid." At the trial it was shown to be the slaughterhouse of John Zimmermann and L. Deffner; but it was also shown that there was no other butcher in that neighborhood by the name of Zimmermann, and no other slaughterhouse belonging to or used by a firm of Zimmermann & Deffner within a radius of seven miles of St. Helena. The discrepancy in this averment of ownership could not mislead the defendant or prejudice him in his defense. (*People* v. *Edwards*, 59 Cal. 359.)

The judgment and order denying a new trial are reversed and a new trial granted.

VAN FLEET, J., and GAROUTTE, J., concurred.