[Crim. No. 28.　Third Appellate District.—January 22, 1907.]

## THE PEOPLE, Respondent, v. FRED SCIARONI and W. T. MITCHELL, Appellants.

CRIMINAL LAW—EVIDENCE—TESTIMONY OF ACCOMPLICE—RULE AS TO CORROBORATION.—In a prosecution for crime, a conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of his testimony, tends to connect the defendant with the commission of the crime. The corroborating evidence need not be strong, but must be more than sufficient to excite mere suspicion.

ID.—INSUFFICIENT CORROBORATION—EVIDENCE CONSISTENT WITH INNOCENCE.—The corroboration is insufficient where every circumstance relied upon, exclusive of the testimony of the accomplice, is consistent with the innocence of the defendant, and compatible with the theory that the accomplice alone is guilty, or that he was assisted by parties other than the defendants. The corroborating evidence must be viewed in the light of the presumption of innocence.

ID.—PROVINCE OF JURY—RULE OF CORROBORATION NOT INCLUDED—RIGHTS OF CITIZEN.—The province of a jury to judge of the credibility of witnesses, and the weight of evidence, cannot be invoked against the rule of law that to justify a conviction there must be substantial corroboration of the testimony of an accomplice. That rule cannot be ignored without an invasion of the constitutional rights of the citizen.

APPEAL from a judgment of the Superior Court of Calaveras county, and from an order denying a new trial. A. I. McSorley, Judge.

The facts are stated in the opinion of the court.

Will A. Dower, and Charles H. Fairall, for Appellants.

There was no sufficient corroboration of the testimony of the accomplice, and the judgment and order must be reversed on that ground. (Pen. Code, sec. 111; *People* v. *Hoagland*, 138 Cal. 338, 341, 71 Pac. 359; *People* v. *Thompson*, 50 Cal. 481; *People* v. *Clough*, 73 Cal. 348, 350, 15 Pac. 5; *Marler* v. *State*, 68 Ala. 580; *Crowell* v. *State*, 24 Tex. App. 404, 6 S. W. 318; *State* v. *Koplan*, 167 Mo. 298, 66 S. W. 967; *State* v. *Stevenson*, 26 Mont. 332, 67 Pac. 1001.)

U. S. Webb, Attorney General, J. P. Snyder, District Attorney, and Solinsky & Wehe, for Respondent.

Corroborating evidence need not be strong; it is sufficient if it tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to but little weight. (*People* v. *McLean,* 84 Cal. 480, 24 Pac. 32; *People* v. *Barker,* 114 Cal. 619, 46 Pac. 601.)

BURNETT, J.—This is an appeal from the judgment and order denying the motion for a new trial.

The defendants were convicted of the crime of exploding dynamite in the Angels quartz mine at Angels Camp, Calaveras county, "with the intent to injure said mine and said structures therein and to injure, intimidate and terrify human beings, and by means of which human beings were endangered."

The most serious contention made by defendants is that the evidence is insufficient to justify the verdict of conviction. In this connection it is urged that no corroboration of the testimony of one Charles E. Holmes, an admitted accomplice, can be found in the record. The demand of the law upon the subject is clear and unmistakable. It is set forth in the instructions given by the learned trial judge. These are substantially as follows: "A conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." (Pen. Code, sec. 1111.) Furthermore, "Evidence that merely excites suspicion is not sufficient corroboration." (*People v. Main,* 114 Cal. 632, [46 Pac. 612]; *People* v. *Hoagland,* 138 Cal. 341, [71 Pac. 359].) Corroborative evidence need not be strong. (*People* v. *McLean,* 84 Cal. 480, [24 Pac. 32]; *People* v. *Barker,* 114 Cal. 619, [46 Pac. 601].)

There is *sufficient evidence* shown by the transcript to support the conclusion that a crime was committed, but it is insufficient to establish the connection of defendants with the commission of said crime. Every circumstance upon which plaintiff relies, exclusive of the testimony of the accomplice,

is entirely consistent with the innocence of defendants and compatible with the theory that Holmes alone is guilty, or that he was assisted by parties other than defendants.

As an illustration of the few circumstances which, it is urged, furnish the necessary corroboration, reference may be had to the testimony of one of the witnesses to the effect that a few days after the offense is supposed to have been committed, he was asked by Mitchell how the mine was looking. In this interrogation there is no suggestion of guilt.

Viewed in the light of the presumption of innocence, it would appear to be the artless expression of natural and guileless curiosity. Again, about the same time, Mitchell inquired of the ticket agent about the fare to Candalaria, Mexico. He had, however, ceased work at Angels Camp, and there is no apparent reason why he should have remained there. The fact is, moreover, that the record fails to show any attempt at flight or concealment and the circumstance involving the ticket agent is utterly without any inculpatory significance.

Again, there is some evidence that the defendants had the opportunity to commit the crime, but under the circumstances disclosed this cannot be accepted as tending to show their guilt. They had a right to be there at the time, as required by their employment, and the suggestion contained in *People* v. *Koening,* 99 Cal. 576, [34 Pac. 239], may be invoked. It is there said: "No inference of the guilt of the defendant can be drawn from the fact that he was at the saloon on the evening of the commission of the crime beyond the fact that it gave him an opportunity to advise its commission. His business called him there and his presence was not a suspicious circumstance."

The other slight considerations to which attention has been directed by the attorney general do not arise to the dignity of corroborative evidence. It is true that it is peculiarly within the province of the jury to judge of the credibility of the witnesses and the weight to be given to the evidence; and a verdict should not be set aside for slight or trivial causes, nor for technicalities involving no prejudicial error. But the legislature, acting within the scope of its authority, has provided that to justify the conviction of a defendant, there must be substantial corroboration of the testimony of an accomplice. This rule of evidence is doubtless based upon sound public policy. But, whether so or not, it cannot be ignored

without an unwarranted invasion of the constitutional rights of the citizen.

Some criticism is directed against the action of the court in giving and refusing certain instructions. Defendants may be entitled to have the jury instructed as to the presumption of fair character, but the instruction proposed is misleading and was properly refused. In the event of a new trial the instruction upon reasonable doubt had better be modified so as to obviate the objection urged against a portion of it as given.

There is no other error in the record.

The judgment and order denying the motion for a new trial are reversed.

Chipman, P. J., and Hart, J., concurred.