[Crim. No. 1181. First Appellate District, Division Two.—July 1, 1924.]

THE PEOPLE, Respondent, v. WALTER HINES, Appellant.

[1] CRIMINAL LAW—ROBBERY—ACCOMPLICE—EVIDENCE.—In this prosecution for robbery, without reference to the evidence of an accomplice, there was clearly evidence before the trial court which tended to connect the defendant with the offense charged.

---

(1) 16 **C. J.**, p. 699, sec. 1426.

1. Conviction on testimony of accomplice, notes, 71 **Am. Dec.** 671; 34 **Am. Rep.** 408; 98 **Am. St. Rep.** 158. See, also, 8 **Cal. Jur.** 172; 1 **R. C. L.** 162, 166.

APPEAL from a judgment of the Superior Court of Alameda County.   J. J. Trabucco, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

H. D. Perry for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of the crime of robbery and from that judgment he has appealed. On the night of the 14th and 15th of November, 1923, two men robbed R. E. Barr in Alameda County.   Immediately prior to the robbery R. E. Barr and Miss Alice Heeney were seated in an automobile in front of her residence at 1817 Castro Street, in Oakland.   At some time around 11:30 in the evening two men approached the automobile, one on the right-hand side, one on the left-hand side, and by threats caused the occupants to get out of the front seat and to enter the car and take seats in back, while the two men proceeded to occupy the front seat.   One man drove the car and the other held the gun.   The street lights were sufficient for both Mr. Barr and Miss Heeney to see, and they did see the two men more or less distinctly.   While these persons were seated in the car as described above, the man at the wheel drove to Brush Street, thence out to Market and down Park Street, and then back to San Pablo and out San Pablo to Stanford Avenue, then down Stanford Avenue to the point where the robbery took place.   As stated above, Mr. Barr and Miss Heeney sat immediately behind the robbers during that period of time.   From what he saw Mr. Barr testified that the defendant resembled the taller man of the two.   He said he could not see the defendant's face, but the other man he could identify.   Miss Heeney testified: "One of the men was a little taller than the other.   The tall man was the stockier of the two.   Considering the size, weight, and stature of these men I saw that night the defendant resembles the tallest man."

As to when the accused were arrested the record does not show, but before the twenty-first day of December both of the

accused were in custody. On a date somewhat prior to the date last mentioned the defendant and Charles Leraux were before John Mulhern, an inspector of police in Oakland. At that time Leraux had confessed to being one of the robbers. Mulhern had been talking to Hines and sent for Leraux to be brought in. When Leraux came in Hines was asked whether he knew Leraux. He stated that he did but that he had not seen him for several months or a year; that he really forgot the time. On the trial he was sworn as a witness in his own behalf and testified that he had not seen Leraux for eighteen months,—that is, since the 26th of August, 1922. Ione Ratelle testified that she was the wife of the man who goes by the name of Charles Leraux. She said that she met the defendant with her husband at her home on 18th Street in Oakland in the evening about the middle of November, 1923. They came to the house about 9 o'clock in the evening and stayed there for an hour or so and left. They came back some time after midnight and stayed at the house until the next morning. After breakfast the defendant left. Charles Leraux testified that he and the defendant committed the robbery.

[1] On this appeal the appellant makes one point and that is that there was not sufficient corroboration to warrant a conviction. In this behalf the appellant points out that Leraux was an accomplice under the facts stated and the appellant claims that the testimony of Leraux was entirely unsupported by any other evidence. Thereupon he cites and relies upon *People* v. *Morton,* 139 Cal. 719 [73 Pac. 609], *People* v. *Robbins,* 171 Cal. 466 [154 Pac. 317], *People* v. *Sciaroni,* 4 Cal. App. 698 [89 Pac. 133], *People* v. *Main,* 114 Cal. 632 [46 Pac. 612], and *People* v. *Smith,* 189 Cal. 31 [207 Pac. 518]. While the proposition of law as stated by the appellant is perfectly sound, its application to the facts of this case is entirely unsupported. Without referring to the evidence of the accomplice there was clearly evidence before the trial court which tended to connect the appellant with the offense charged.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.