[Crim. No. 1756. Second Appellate District, Division One.—April 12, 1929.]

THE PEOPLE, Respondent, v. HENRY SCHUMANN-HEINK, Appellant.

Curtis Hillyer and Irve C. Boldman for Appellant.

U. S. Webb, Attorney-General, and W. Augustine for Respondent.

CONREY, P. J.—The Schumann-Heink Company, Inc., a corporation of which the defendant and appellant was the president, was organized for the purpose of carrying on a general stock and bond brokerage business. Its main office was in the city of San Diego, but later an office was opened in the city of Los Angeles. The defendant and appellant devoted most of his time to the management of the latter office, while the active management of the business in San Diego was in the hands of Wilfred M. Clare, who was secretary and treasurer of the corporation.

Prior to the transaction under investigation appellant had executed his personal note to the United States National Bank, at San Diego, for $3,500, which was unsecured. After a time he paid $500 on this note and gave the bank a new demand note for $3,000 to cover the balance. Thereafter, while appellant was in Los Angeles, the bank demanded payment of the note and communicated with Clare, who thereupon indorsed the note and offered to secure the same. His offer was accepted, and Clare brought to the bank a list of personal securities from which the bank selected twelve shares of stock of the Security Commercial and Savings Bank of San Diego, which stock was issued in the name of Clare, but which actually was owned by the Schumann-Heink Corporation.

Clare testified that he was instructed by appellant to so deliver this stock as collateral to the bank, while appellant denied that he ever gave such instruction or that he knew anything about the deposit having been made until some time thereafter. There was testimony on the part of officials of the bank to the effect that a considerable time after the stock had been deposited with them they sent for appellant and told him they could sell the stock at $200 per share, and he told them to sell it, which they did, crediting the amount received to appellant's personal indebtedness to the bank.

Defendant and appellant was indicted, charged with grand theft, and the case was tried upon the theory that the theft was of the character described as embezzlement. Clare was also indicted for the same offense.

Appellant relies upon the following points for a reversal of the judgment:

1. If a crime was committed, Clare was an accomplice.

2. That the court erred in refusing to give certain instructions requested by appellant.

3. That the court erred in giving certain instructions requested by the people.

4. That the district attorney was guilty of misconduct.

■ The court instructed the jury as follows: "The court instructs the jury that an accomplice is one who knowing that a crime is being committed willfully and with criminal intent intentionally, aids, abets and assists another in the commission of such crime or criminal act, and whether or not one is an accomplice as defined in these instructions is for the jury to determine from all the testimony and circumstances in proof in the case." In thus leaving to the jury the question as to whether Clare was an accomplice, the court assumed that the facts bearing upon the question were in dispute. For the rule is that "where the facts are not in dispute, where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice." (*People* v. *Allison,* 200 Cal. 404, 408 [253 Pac. 318, 319].) In the present case the acts constituting the commission of the alleged crime were actually done by Clare at San Diego at a time when the defendant was in Los Angeles. Clare knew that the certificate, although issued

in his own name, was the property of the corporation. He knew that the note to the bank was the personal note of the defendant to the bank. He knew that the certificate of stock was the property of the Schumann-Heink corporation. With all of that knowledge, he took the certificate from the office of the corporation and deposited it with the bank as collateral for the note, and thereby secured an extension of time on the note which Clare himself had indorsed. The only additional element necessary to make these acts a crime would consist in the fact that the corporation had not authorized the pledge. . We assume, as appears to be the case, that there is sufficient evidence to justify the jury in finding that the corporation had not authorized the making of the pledge. This being so, the embezzlement was accomplished by Clare alone, unless the additional alleged fact be true that these acts were done. by Clare pursuant to directions received from the defendant. The assertion by Clare that in pledging the stock as collateral for said note he was acting in the belief that this was for the benefit of the corporation is too flimsy for use as basis for a possible finding that Clare's acts in the transaction were not criminal as to him. In this state of the evidence the defendant was entitled to have the case presented to the jury under an instruction that Clare must be regarded as an accomplice, and that the defendant should not be convicted unless the testimony of Clare was corroborated by other evidence tending to connect the defendant with the commission of the crime charged. The court did correctly state the rule concerning the corroboration required by law in relation to the testimony of an accomplice. The error consisted in leaving it open to the jury to determine that Clare was not an accomplice, and that the defendant, therefore, might be convicted on the testimony of Clare alone. This the jury may have done. They may have believed the testimony of the defendant wherein he denied that at a time subsequent to the making of the pledge he had consented that the bank might sell the stock. If they did so believe, then they must have convicted the defendant in sole reliance upon the testimony of Clare to the effect that he had made the pledge pursuant to instructions of the defendant.

That the error of the court, in the matter above mentioned, was prejudicial to the rights of the defendant, seems clear.

It is quite possible, and might easily have been, that if the testimony of the witness Clare had been definitely placed before the jury as the testimony of an accomplice, a different verdict would have been returned.

The judgment and order are reversed.

York, J., concurred.

HOUSER, J., Concurring.—I concur. However, in addition thereto, I am of the opinion that prejudicial error was committed by the trial court in its refusal to give to the jury, at the request of defendant, the following instruction:

"I instruct you that if you are satisfied from the evidence that the stock of the Security Commercial and Savings Bank which it is claimed was pledged to the United States National Bank, was in fact the property of Schumann-Heink & Company and was pledged by Clare as security for the note of the defendant which he, Clare, had endorsed, that is not sufficient of itself to justify you in finding the defendant guilty, but in addition to that unless you find from the evidence that Clare was acting under instructions and with the knowledge of the defendant, your verdict must be not guilty."

Particular attention is directed to that part of the instruction by which it was proposed to tell the jury that unless from the evidence it found that Clare was acting under instructions and with the knowledge of the defendant in the transaction, the defendant was entitled to an acquittal of the charge against him. No instruction given by the court to the jury covered the point in question or dealt with it in any way. Manifestly, if in pledging the certificate of stock referred to in the instruction, Clare was acting on his own initiative and without any instructions from defendant so to do, defendant would be in nowise criminally liable for the act of Clare. On the other hand, if in pledging the stock Clare was acting under the instructions of defendant, the knowledge of defendant of the commission of the act would be imputed to him. (1 Cal. Jur. 846, and cases cited.) As a matter of law, the words "with the knowledge of the defendant" added nothing to the instruction. In order adequately to protect defendant's rights it was, therefore, necessary that the jury should be instructed that,

unless it found "from the evidence that Clare was acting under instructions and with the knowledge of the defendant," its verdict should be "not guilty."

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 25, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1929.

All the Justices present concurred.