[Crim. No. 201. Fourth Appellate District.—May 26, 1930.]

THE PEOPLE, Respondent, v. HENRY SCHUMANN-HEINK, Appellant.

Curtis Hillyer and Irve C. Boldman for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Stephen Connell, District Attorney, and J. H. McKinney, Deputy District Attorney, for Respondent.

MARKS, Acting P. J.—Appellant was convicted of the crime of grand theft upon a trial before the court without a jury. He was granted probation and has appealed from the judgment of conviction. The sole ground presented for a reversal of the judgment is that the evidence is insufficient to support the judgment in that the testimony of Wilfrid M. Clare, a witness for respondent and an admitted accomplice, was not sufficiently corroborated to meet the requirements of section 1111 of the Penal Code.

This case was tried once before and upon the conviction of appellant a new trial was granted on appeal. (*People v. Schumann-Heink*, 98 Cal. App. 225 [276 Pac. 625].)

Schumann-Heink & Company, Inc., was a corporation organized and existing under the laws of the state of California for the purpose of carrying on a general stock and

bond brokerage business with its principal place of business in the city of San Diego, California. It maintained branch offices in the cities of Los Angeles and Oakland, California and Tucson, Arizona. Appellant was the president and a director of the corporation and spent his time in active management of the business. The greater part of his time was spent in the Los Angeles offices, with frequent visits to the other offices of the corporation, and to other cities.

Wilfrid M. Clare was the secretary and treasurer and one of the directors of the corporation. He spent his time in the San Diego office and was permitted to buy and sell securities in San Diego on behalf of the corporation. He was required to render daily reports to appellant at the Los Angeles office showing summaries of his business transacted for the corporation.

In the early part of the year 1927 appellant was personally indebted to the United States National Bank at San Diego, which indebtedness was evidenced by his promissory notes. A renewal note was given by him under date of June 21, 1927, in the sum of $3,000 and was made payable on demand. The bank had been pressing appellant for payment of this indebtedness some time prior to June 21, 1927, and had demanded that he pay the debt or give security for it. The renewal note was mailed to appellant in Los Angeles, signed by him there and returned to the bank. Clare indorsed the note about August 27th of the same year. Prior to this date he (Clare) had talked with an officer of the bank about securing this note, and had submitted a list of securities which he claimed to own. On the list were twelve shares of the capital stock of the Security Commercial & Savings Bank and also a bond of $1,000 of the city of Buenos Aires. These were selected by the bank to be pledged as security for the note. On August 27, 1927, Clare delivered the bank stock to the United States National Bank as collateral to secure the payment of the $3,000 note. This stock was issued in Clare's name, but was the property of Schumann-Heink & Company, Inc. The bond was not delivered to the bank. Clare testified that, prior to pledging the bank stock he had a telephone conversation with appellant and was directed by him to pledge this stock to secure payment of the promissory note. Appellant

denied this conversation, but admitted that Clare told him all the details of the transaction, including the pledge of the stock, in September, 1927.

On January 26, 1928, Clare and appellant were jointly indicted by the grand jury of San Diego County on eight counts alleging grand theft from Schumann-Heink & Company, Inc., one of which counts was based upon the pledge of the bank stock. On June 11, 1928, the charge contained in this particular count was referred back by the trial court to the grand jury for further action, and on June 15, 1928, the grand jury returned a separate indictment against appellant, charging grand theft of the bank stock in question from Schumann-Heink & Company, Inc. The case before us went to trial upon this indictment and appellant's plea of not guilty thereto. About the same time Clare was indicted by the grand jury for his part in the transaction.

After the first indictment was returned the bank had appellant call upon it and a conference ensued concerning the $3,000 note and the pledge of the bank stock. Appellant was told that the stock would bring something like $200 a share on the market. He told an officer of the bank that he was satisfied with that price and further directed the bank to go ahead and sell the stock and credit the amount upon his note. The stock was sold in May, 1928, for the sum of $2,370, which amount, together with a $30 dividend, was credited upon appellant's note. Appellant then executed his note to the bank for the unpaid balance of the principal, $600 and $187.90 accrued interest. At no time did appellant inform any of the employees of the bank, or anyone else, that the stock belonged to the corporation of which he was president.

The only testimony in the record which would indicate an actual knowledge on the part of the appellant that he knew of the pledge of the bank stock before August 27, 1927, was the testimony of Clare, who was an admitted accomplice of appellant in the commission of the alleged crime. Appellant contends that the lack of corroboration of Clare's testimony upon this point is sufficient ground for a reversal of the judgment.

In the case of *People* v. *Schumann-Heink, supra,* it was held that the crime of grand theft was committed by the

pledge of the stock belonging to the Schumann-Heink & Company, Inc., on August 27, 1927. It was further held that to render appellant guilty of the crime charged he must have been an active participant in the act of pledging this stock on or before this date by directing Clare to pledge the same. This decision puts the question squarely before this court of determining whether or not Clare's evidence was sufficiently corroborated to justify the judgment of the court finding the appellant guilty as charged.

The rule concerning the sufficiency of the evidence to corroborate the testimony of an accomplice has been clearly stated in the case of *People* v. *Woodcock,* 52 Cal. App. 412 [199 Pac. 565, 568], as follows:

"The corroborating circumstances used to support the testimony of a single witness must be more than evidence tending to prove that the testimony was given and that it may or may not be false. The rule as to the character of corroborating circumstances necessary to support the testimony of an accomplice is well stated in 12 Cyc., at page 456, quoted with approval by the Supreme Court in *People* v. *Robbins,* 171 Cal. 466, 470 [154 Pac. 317, 319], as follows: 'It is necessary that the evidence corroborating an accomplice shall connect or tend to connect the defendant with the commission of the crime. Corroborative evidence is insufficient where it merely casts a grave suspicion upon the accused. It must not only show the commission of the offense and the circumstances thereof, but must also implicate the accused in it. . . . But where the circumstances when proved, taken separately or collectively, are consistent with the innocence of the accused, there is no corroboration, and a verdict of conviction thereon will be set aside.' And in the same case the court said (171 Cal. 471 [154 Pac. 319]): 'The corroborative evidence required to convict the defendant in addition to that of the accomplice is not sufficient if it merely tends to raise a suspicion of the guilt of the accused. . . . Mere suspicion, as has been shown, will not suffice as corroborative evidence; and where the evidence relied upon as corroborative of the accomplice is, as in the present case, only such as to raise a suspicion of the guilt of the defendant, the verdict must be set aside.' Then again (171 Cal. 476 [154 Pac. 321]): 'The proofs of mere suspicious circumstances and of oppor-

tunity to commit a crime are never sufficient to justify a conviction upon the testimony of an accomplice. (*People* v. *Thompson,* 50 Cal. 480; *People* v. *Smith,* 98 Cal. 218 [33 Pac. 58]; *People* v. *Koening,* 99 Cal. 574, 576 [34 Pac. 238]; *State* v. *Willis,* 9 Iowa, 582; *People* v. *Morton,* 139 Cal. 725 [73 Pac. 609].)'

"In *People* v. *Morton,* 139 Cal. 719, at page 724 [73 Pac. 609, 611], the Supreme Court quoted with approval from *Welden* v. *State,* 10 Tex. App. 400, as follows: 'We suggest this mode as a proper test: eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no inculpatory evidence, there is not corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him.' And again, on the same page, the court said: 'In New York under the same code provision (Code Crim. Proc., sec. 399), it was said: 'The corroboration, however strong in all other respects, must point to the connection of the defendant with the commission of the crime to be of any avail.' (*People* v. *Ryland,* 28 Hun [N. Y.], 568, 570.)'"

To these authorities we must add the rule laid down in the case of *People* v. *Yeager,* 194 Cal. 452, 473 [229 Pac. 40, 49], as follows:

■ "It has been held that to corroborate an accomplice, the evidence need not establish the actual commission of the offense, nor extend to every fact and detail covered by the statement of the accomplice, or to all the elements of the offense, nor prove that the accomplice has told the truth. The corroborative evidence must tend in some slight degree, at least, to implicate the defendant. While it need not be strong, more is required by way of corroboration than mere suspicion. ■ It is sufficient if the corroborating evidence tends to connect the defendant with the commission of the offense, though if it stood alone, it would be entitled to little weight. It is not necessary to corroborate the accomplice by direct evidence. If the connection of the accused with the alleged crime may be inferred from the corroborating evidence in the case it is sufficient."

In the case of *People* v. *Nikolich*, 93 Cal. App. 356 [269 Pac. 721, 722], it was held as follows:

"The law is well settled that the testimony of the accomplice need not be corroborated by direct evidence. The entire conduct of the defendant may be looked to for the corroborating circumstances and if from those circumstances the connection of the accused with the crime may fairly be inferred, the corroboration is sufficient. (*People* v. *Yeager*, 194 Cal. 452 [229 Pac. 40]; *People* v. *Martin*, 102 Cal. 558 [36 Pac. 952]; *People* v. *Demera*, 64 Cal. App. 121 [220 Pac. 673].)"

■ With these rules of law established by the well-considered opinions of our courts before us, we have reached the conclusion that the evidence of Clare, as to the directions given him by appellant to pledge this stock on or before August 27, 1927, is sufficiently corroborated, and that there is evidence in the record, other than that of Clare, directly connecting appellant with the commission of the crime charged in the indictment. Appellant admitted in his testimony that a short time after the stock was pledged he was informed of the transaction. He made no effort to inform the bank of the true facts of the case or to secure the return of the stock to its lawful owner, the Schumann-Heink Company, Inc. When the bank demanded the payment of his note, he consented to the stock being sold and the proceeds being applied upon his note and gave his personal note for the unpaid balance of the principal and interest due to the bank.

■ The conduct and actions of a defendant in a criminal matter may be scrutinized by a court or jury and may be important evidence of a guilty knowledge of a commission of a crime. In this case the evidence goes much further than that of mere guilty knowledge, because we find the defendant in possession of the fruits of the crime. The stock was used to secure his personal note. ■ Possession of stolen property by a defendant has always been considered some evidence against him in a prosecution for theft. In this case appellant further accepted and received the benefits of the crime. As was said in the case of *People* v. *Jones*, 87 Cal. App. 482 [262 Pac. 361, 366]:

"It was proper for the prosecution to show that appellant received part of the proceeds of the embezzlement as tending to connect him with the commission of the offense."

Appellant does not contend that the corroborative evidence was insufficient, except upon the one point of his knowledge of the pledge of the stock on or before August 27, 1927. After excluding the testimony of Clare, every fact and circumstance connected with the crime was proved by competent evidence. Appellant admitted all the elements of the crime, except the knowledge that the stock was to be pledged, His conduct, after the time he admitted learning of the pledge of the stock and his retaining and appropriating the fruits of the theft to his own use, coupled with these admissions, furnish sufficient evidence to support the judgment against him. With the testimony of the accomplice corroborated in all particulars by competent independent evidence, the trial court could reach no other conclusion than that appellant was guilty of the crime charged.

Judgment and the order denying appellant's motion for new trial are affirmed.

Barnard, J., concurred.

Cary, J., deeming himself disqualified, did not participate herein.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1930.