People of Puerto Rico, Plaintiff and Appellee, v. Luis Castro Colón, Defendant and Appellant.

No. 6092. Argued April 15, 1936.—Decided April 24, 1936.

*Leopoldo Rojas Flores* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The appellant herein was charged with malicious mischief, the fact being imputed to him in the complaint that he did unlawfully, maliciously, and wilfully, *and with the criminal intent of destroying property not his own,* throw stones at a gasoline pump belonging to Antonio Colón, breaking the lamp-glass of said pump and causing damages in the amount of $12.

After a trial before the District Court of Ponce, the latter found the defendant guilty and sentenced him to pay a fine of $15 or to be imprisoned for the corresponding time. The present appeal has been taken from that judgment.

It appears from the record that at the close of the evidence for the prosecution, the defendant filed a motion for nonsuit, which he based on the following questions of law:

1. Variance between the allegations of the complaint and the facts proved, in that the complaint alleged that the pump belonged to Antonio Colón, whereas the evidence showed that the owner of said pump was Eliseo Colón.

2. Absolute lack of evidence regarding the amount of the injuries sustained or the value of the property destroyed.

3. The prosecuting attorney did not prove that, in destroying the lamp glass of the pump, the defendant acted without the consent of its owner.

The trial court overruled the motion for nonsuit, and the defendant took an exception, which forms the basis of the present appeal.

Let us examine the three questions in the same order in which they have been stated by the appellant.

*Variance between the allegations and the proof.*

The complaint says that the pump destroyed belonged to Antonio Colón. The oral testimony disclosed that the real name of the owner is Eliseo Colón.

It is indisputable that there is variance as to the christian name of the owner of the property injured or destroyed. It does not appear from the record whether there are two different persons, one of them named Antonio Colón and the other Eliseo Colón; or whether there is only one, named Eliseo Colón, who was erroneously designated as Antonio in the complaint.

The mere fact that there is variance between the allegations and the proof is not in itself sufficient to justify the reversal of a judgment. It is also necessary that the variance be as to an allegation which is essential and necessary for the description of the offense with which the defendant is charged and the proof introduced to support such allegation. If the allegation can be considered unnecessary, as a surplusage, or in other words, if regardless of that allegation, the complaint still has all the necessary elements to constitute an offense, in that case the variance is immaterial; it does not prejudice the rights of the defendant at all; and it cannot be a sufficient ground for a reversal of the judgment. See Underhill on Criminal Evidence (1935 ed.), page 106, sections 85, 86, and 87.

The offense with which the defendant is charged in the instant case is described in the Penal Code as follows:

"Section 511.—Every person who maliciously injures or destroys any real or personal property not his own, in cases otherwise than such as are specified in this Code, is guilty of a misdemeanor."

The essential facts of a charge of this nature are: (*a*) to have maliciously injured or destroyed any real or personal property; and (*b*) that the same be another's property and not the defendant's.

The complaint herein contains all the essential elements of the offense. It informed the defendant that he had to

defend himself against the charge of having maliciously destroyed, at four o'clock in the morning of the 9th day of September 1935, another's property, which is described as the lamp-glass of a gasoline pump installed at *4 de Julio* Street, in the town of Orocovis, and belonging to Antonio Colón, who is a person other than the defendant.

The description of the property destroyed, the fact that it belonged to another person, the location of the gasoline pump and the day and hour of the commission of the offense, are essential averments which must be substantially proved, and variance between one of those allegations and the proof would be fatal. For example, a charge of having destroyed a gasoline pump could not be supported if it appeared from the evidence that the property actually destroyed was an airplane or a horse, or if proof were made that the defendant was the owner of the property destroyed. But the name of the owner of the property destroyed is not an essential allegation of the complaint. It was sufficient to inform the defendant that he was charged with having destroyed a pump belonging to somebody else, and the fact that the name of the owner is Antonio or Eliseo is immaterial.

The Code of Criminal Procedure provides:

"Section 79.—When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material."

The Supreme Court of California, construing section 956 of the Penal Code of that state, which is identical with section 79 of our code, has held in numerous decisions that, although in accordance with the common-law rule it was essential to allege and prove who was the owner of the property upon which an offense was committed, however, according to section 956 of the Penal Code, the allegation of the name of the owner of stolen or damaged property is not a material part of the offense charged. It is only required

that the facts constituting the offense be alleged and proved with sufficient clearness and certainty, so that the defendant may protect himself against another prosecution for the same offense. *People* v. *Edwards,* 59 Cal. 359; *People* v. *Leong Quong,* 60 Cal. 107; *People* v. *Ribolsi,* 89 Cal. 492; *People* v. *Arras,* 89 Cal. 223; *People* v. *Smith,* 112 Cal. 333; *People* v. *Main,* 114 Cal. 632; *People* v. *Coyne,* 116 Cal. 295; *People* v. *Nunley,* 142 Cal. 105; *People* v. *Price,* 143 Cal. 351.

A careful study of the evidence introduced in the instant case leads us to the conclusion that the defendant could not have been prejudiced by the alleged variance, especially if we take into consideration the fact that the defendant alleged and attempted to prove an alibi. Undoubtedly the defendant-appellant will not be liable to a second prosecution for having maliciously destroyed a gasoline pump, which did not belong to him, and which on September 9, 1935, was located at 4 *de Julio* Street in the town of Orocovis. The error assigned must be disregarded.

■ *Lack of evidence as regards the value of the property destroyed.*

Section 511 of the Penal Code of Puerto Rico, pursuant to which the complaint was filed in the instant case, does not establish any gradation whatsoever by reason of the price or value of the property which might have been destroyed or injured. The offense described in the said section is always the same, as well as the penalty which may be imposed, regardless of the value of the property the object of the offense.

"Proof of value is necessary and relevant only where the degree of the crime or the penalty depends on the value of the property destroyed." Underhill Crim. Evid. (1935) sec. 537, p. 1063; *People* v. *Rice,* 73 Cal. 220; *People* v. *Chuey Ying,* 100 Cal. 437.

There was no error whatsoever on this point.

■ *Failure to prove that the defendant acted without the consent of the owner.*

This question lacks importance and is clearly frivolous. The prosecuting attorney need not allege or prove the lack of consent on the part of the owner. If the owner of a property has consented to its destruction, that fact would be a matter of defense, and it is incumbent on the defendant to prove the existence of such consent.

The judgment appealed from must be affirmed.