El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis Castro Colón, acusado y apelante.

No. 6092.—*Sometido:* Abril 15, 1936. *Resuelto:* Abril 24, 1936.

*Leopoldo Rojas Flores,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El apelante en este caso fué acusado de un delito de daños maliciosos, imputándosele en la denuncia el hecho de haber, ilegal, maliciosa y voluntariamente *y con la intención crimi-*

*nal de destruir bienes ajenos,* lanzando piedras a una bomba de gasolina propiedad de Antonio Colón, rompiendo el fanal de dicha bomba y causando daños por valor de $12.

Celebrado el juicio ante la Corte de Distrito de Ponce, ésta declaró al acusado culpable y le impuso una multa de $15 o la correspondiente pena de prisión subsidiaria. Contra esa sentencia se ha establecido el presente recurso.

Aparece de los autos, que al terminarse la presentación de la prueba de cargo el acusado formuló una moción de *nonsuit,* basándola en las siguientes cuestiones de derecho:

1. Incongruencia entre las alegaciones de la denuncia y los hechos probados, porque mientras la denuncia alega que la bomba era propiedad de Antonio Colón, de la prueba resulta que el dueño de dicha bomba era Eliseo Colón.

2. Carencia absoluta de prueba en cuanto a la cuantía de los daños sufridos o en cuanto al valor de la propiedad destruída.

3. El fiscal no probó que el acusado, al destruir el fanal de la bomba, actuara sin el consentimiento de su dueño.

La corte sentenciadora declaró sin lugar la moción de *nonsuit,* el acusado tomó excepción y sobre esa excepción se basa el presente recurso.

Examinemos las tres cuestiones en el mismo orden en que han sido planteadas por el apelante.

■■ *Incongruencia entre las alegaciones y la prueba.*

La denuncia dice que la bomba destruída era propiedad de Antonio Colón. La prueba testifical demostró que el verdadero nombre del dueño es Eliseo Colón.

Es indudable que existe una incongruencia en cuanto al nombre de pila del dueño de la propiedad damnificada o destruída. Del récord no aparece si existen dos personas distintas, una llamada Antonio Colón y otra Eliseo Colón; o si sólo existe una, llamada Eliseo Colón, a la que por equivocación se le dió en la denuncia el nombre de Antonio.

El mero hecho de que exista una incongruencia entre lo alegado y lo probado no es por sí solo suficiente para justificar la revocación de una sentencia. Es necesario además

que la incongruencia se refiera a una alegación esencial y necesaria para la descripción del delito que se imputa al acusado y a la prueba aducida para sostener tal alegación. Si la alegación puede ser considerada como innecesaria, como *surplusage,* o en otras palabras, si eliminada esa alegación la denuncia contiene todavía todos los elementos necesarios para constituir un delito, en ese caso la incongruencia es inmaterial, no perjudica en nada los derechos del acusado y no puede constituir causa bastante para revocar la sentencia. Véase: Underhill on Criminal Evidence (1935 Ed.), página 106, secciones 85, 86 y 87.

El delito imputado al acusado en el presente caso, aparece descrito así en el Código Penal:

"Artículo 511.—Toda persona que maliciosamente dañare o destruyere bienes muebles o inmuebles ajenos fuera de los especificados en este Código incurrirá en *misdemeanor.*"

Los hechos esenciales de una acusación de esta naturaleza son: (*a*) haber dañado o destruído maliciosamente una propiedad mueble o inmueble; y (*b*) ser ésa una propiedad ajena y no del acusado.

La denuncia en este caso contiene todos los elementos esenciales del delito. Le informa al acusado, que tiene que defenderse de la imputación de haber, a las cuatro de la madrugada del día 9 de septiembre de 1935, destruído maliciosamente una propiedad ajena que se describe como el fanal de una bomba de gasolina instalada en la calle 4 de Julio del pueblo de Orocovis y perteneciente a Antonio Colón, que es una persona distinta a la del acusado.

La descripción de la propiedad destruída, el hecho de ser los bienes de propiedad ajena, el sitio de emplazamiento de la bomba de gasolina y el día y hora de la comisión del delito, son hechos esenciales que deben ser probados substancialmente; y una incongruencia entre una de esas alegaciones y la prueba sería fatal. Por ejemplo, no se podría sostener una acusación de haber destruído una bomba de gasolina, si

de la prueba resultase que la propiedad realmente destruída era un aeroplano o un caballo; o si resultase probado que el acusado era el dueño de la propiedad destruída. Pero el nombre del dueño de la propiedad destruída no es una alegación esencial de la denuncia. Era suficiente informar al acusado que se le imputaba la destrucción de una bomba de propiedad ajena; y el hecho de que el dueño se llame Antonio o Eliseo es inmaterial.

El Código de Enjuiciamiento Criminal, dispone:

"Artículo 79.—Cuando un delito trae consigo la realización de un daño privado, o una tentativa para causarlo, y en sus demás particulares está descrito con la claridad necesaria para considerar probado el hecho, una alegación errónea con respecto a la persona perjudicada, o que se intentó perjudicar, no es esencial."

La Corte Suprema de California, interpretando el artículo 956 del Código Penal de aquel estado, que es idéntico al artículo 79 de nuestro código, ha sostenido en numerosas decisiones que aun cuando de acuerdo con la regla del Derecho Común era esencial alegar y probar quién era el dueño de la propiedad sobre la que se había cometido el delito, sin embargo, de acuerdo con el artículo 956 del Código Penal la alegación del nombre del dueño de la propiedad hurtada o perjudicada no es parte esencial del delito imputado. Todo lo que requiere es que los hechos constitutivos del delito sean alegados y probados con suficiente claridad y certeza, para proteger al acusado contra una segunda acusación por el mismo delito. *People* v. *Edwards,* 59 Cal. 359; *People* v. *Leong Quong,* 60 Cal. 107; *People* v. *Ribolsi,* 89 Cal. 492; *People* v. *Arras,* 89 Cal. 223; *People* v. *Smith,* 112 Cal. 333; *People* v. *Main,* 114 Cal. 632; *People* v. *Coyne,* 116 Cal. 295; *People* v. *Nunley,* 142 Cal. 105; *People* v. *Price,* 143 Cal. 351.

Un estudio detenido de la evidencia presentada en el caso de autos nos lleva a la conclusión de que el acusado no ha podido ser perjudicado por la alegada incongruencia, especialmente si tomamos en consideración el hecho de que el acusado alegó y trató de probar una coartada. Seguramente el acu-

sado apelante nunca podrá ser acusado por segunda vez de haber destruído maliciosamente una bomba de gasolina, que no era de su propiedad, y que el día 9 de septiembre de 1935 estaba emplazada en la calle 4 de Julio, del pueblo de Orocovis. Debe desestimarse el error apuntado.

■ *Carencia de prueba en cuanto al valor de la propiedad destruída.*

El artículo 511 del Código Penal de Puerto Rico, bajo el cual se formuló la denuncia en el presente caso, no establece gradación alguna por razón del precio o valor de la propiedad que hubiere sido destruída o dañada. El delito descrito en dicho artículo es siempre igual, como lo es la pena imponible, sea cual fuere el valor de la propiedad objeto del delito.

"Prueba del valor de los daños o de la avería causados, no es necesaria ni material a menos que el grado del delito o de la penalidad dependa del valor de la propiedad destruída o dañada". Underhill Crim. Evid. (1935), sección 537, pág. 1063; *People* v. *Rice,* 73 Cal. 220; *People* v. *Chuey Ying,* 100 Cal. 437.

No ha habido error alguno en cuanto a este particular.

■ *Falta de prueba de que el acusado actuara sin el consentimiento del dueño.*

Esta cuestión carece de importancia y es claramente frívola. El fiscal no tiene que alegar ni que probar la falta de consentimiento del dueño. Si el dueño de una propiedad destruída hubiere dado su consentimiento para su destrucción, ese hecho sería materia de defensa; y es al acusado a quien incumbe la prueba de la existencia de ese consentimiento.

*La sentencia debe ser confirmada.*